# Hadley *et al. v.* Bryars' Adm'r.

*Action by Personal Representative to recover Damages for Assault and Battery on Decedent.*

1. *Action; what does not survive, and can not be enforced by attachment.*—The personal representative can not institute or maintain any action to recover damages for an assault and battery upon the decedent in his life-time; such a cause of action does not survive, and attachment will not lie at the suit of the administrator to enforce it; nor can such attachment, at the suit of the personal representative, be maintained under the "act to prevent homicides," approved February 5th, 1872—the assault and battery not being shown to be the wrongful act of defendant, causing death; nor can such proceeding be amended so as to make it conform to that statute.

APPEAL from Circuit Court of Baldwin.
Tried before Hon. H. T. TOULMIN.

The appellee, Elizabeth Bryars, as administratrix of Green B. Bryars, deceased, commenced this suit by attachment against James Hadley, Sr., and the other appellants. In the affidavit for attachment, it is stated that the appellants "are indebted to Elizabeth Bryars, as administratrix, as aforesaid. in damages for an assault and battery on said Green B. Bryars, deceased, in the sum of twenty thousand dollars," &c. The attachment bond and the writ of attachment, both describe the cause of action as an indebtedness from defendants to plaintiff as administratrix, &c., amounting to twenty thousand dollars. The attachment having been levied on property of the defendants, the plaintiff, as administratrix, &c., filed a complaint, claiming damages in the sum of twenty thousand dollars "for a wrongful assault and battery by said defendants, unlawfully committed, with force and arms, upon the body of said Green B. Bryars, in his life time, to-wit, July 19th, 1875, by reason of which wrongful act the death of said Green B. Bryars was then and there caused." The complaint averred that if Bryars had lived he could have maintained the action. The defendants moved to strike the

[Hadley et al. v. Bryars' Adm'r.]

complaint from the files on the ground that it was a departure from the cause of action stated in the affidavit, and also pleaded in abatement that the cause of action disclosed in the affidavit and writ was not one which survived or could be enforced by attachment; and also moved the court to dissolve the attachment on the same grounds.   Demurrers were sustained to the plea in abatement, and the court overruled the motions to quash and dissolve the attachment, and defendants excepted, and by agreement of opposing counsel, under § 3486 of the Revised Code, appeal, and here assign these rulings as error.

ALEX. MCKINSTRY, for appellant.

THOS. H. PRICE, contra.

STONE, J.—The action in the present case is brought by the personal representative of Green B. Bryars, deceased, to recover for an alleged assault and battery on him in his lifetime.   There is nothing in the affidavit, bond or attachment, which tends, in the slightest degree, to show that the said alleged assault and battery caused the death of the said Green B. Bryars.   Nor does either of said papers conform to the requirements of the act "to prevent homicides," approved February 5, 1872, Pamph. Acts, 83, or show that the action was brought under that statute.   The record presents the naked case of a suit brought by an administratrix to recover damages for an assault and battery committed on her intestate; the suit being brought after his death.   At common law, actions for injuries to the person could not be maintained after the death of the person injured.   *Actio personalis moritur cum persona.*—3 Blackst. Com. 302; 1 Chit. Pl. 68; 1 Brick. Dig. 13, §§ 192, 193.   Such actions are not within the healing provisions of our statute, which declares that certain actions "survive in favor of and against personal representatives."—Code of Ala. § 2920.   It follows from this that no action can be maintained at law on the facts set forth in the attachment proceedings; and the attachment should have been dissolved on the motion of the defendant.

The "act to prevent homicides," approved February 5, 1872, declares a new right, and provides a remedy for its enforcement.   To bring a case within its provisions, the pleadings, or attachment proceedings, as the case may be, must show that the action is founded on the wrongful act or omission of defendant, which caused the death of plaintiff's testator or intestate.   Less than this does not come up to the requirements of the statute.—See *South and North Ala-*

[Davidson v. Weems, Ex'r.]

bama Railroad Co. v. Sullivan, at present term. The right under that statute being of its own creation, and the proceedings in the present record falling fatally short of its requirements, this suit can derive no aid from it. Nor is the defect one that can be remedied by amendment.—Code of Ala. § 3315.

The judgment of the Circuit Court is reversed; and this court, proceeding to render the judgment which that court should have rendered, doth order and adjudge that the attachment in this cause be dissolved, and the suit dismissed at the cost of the plaintiff therein.