182 So. 28

### Ex parte HOLSONBACK.

### 7 Div. 516.

Supreme Court of Alabama.

June 9, 1938.

Haralson & Crawford, of Fort Payne, and David C. Byrd, of Gadsden, for petitioner.

C. A. Wolfes, of Fort Payne, for respondent.

BOULDIN, Justice.

The sole question on this appeal is whether an action for malicious prosecution survives upon the death of the defendant pending the suit and is subject to revivor against his personal representative.

The complaint is in Code form, claiming damages "for maliciously and without probable cause therefor, causing plaintiff to be arrested under a warrant issued" by a named officer on a charge of burglary, which charge had been judicially determined and plaintiff discharged.

"All actions on contracts, express or implied; all personal actions, except for injuries to the reputation, survive in favor of and against the personal representatives." Code, § 5712.

Prior to the Code of 1907 (§ 2496) this section read: "All personal actions, except for injuries to the person or reputation." Code of 1896, § 35.

Before this amendment striking injuries to the person from the exception the common law prevailed under which all actions for torts or causes of action for torts perished with the tort-feasor. Actions for personal injuries, such as assault and battery, did not survive. Hadley et al. v. Bryars', Adm'r, 58 Ala. 185.

Since the amendment actions growing out of injury to persons, while the plaintiff, the injured, and the defendant, the tort-feasor, are living, survive the death of either. Bruce v. Collier, 221 Ala. 22, 127 So. 553; Ex parte Corder, 222 Ala. 694, 134 So. 130; Webb v. French, 228 Ala. 43, 152 So. 215.

Although the cause of action may not survive, if no suit pending at the time of death, the survival of the action brought during life necessarily implies a survival of the cause of action, within the meaning of Sections 5715 and 5716, providing for revivor in favor of or against the personal representative. Ex parte Corder, supra.

It is not to be questioned that the instant suit is a personal action. Appellee insists that it is to be classed as an action for injuries to the reputation.

The gist or gravamen of this action is the wrongful act of putting in motion judicial proceedings, criminal proceedings, resulting in the arrest of defendant, deprivation of his liberty. This is the essence of the actionable wrong complained of. Bryant v. Hartford Fire Ins. Co., 230 Ala. 80, 159 So. 685; 38 C.J. 383, (§ 1), 386, (§ 5).

Injury to reputation may be an element of damages in the particular case, just as numerous other elements, recoverable when specially claimed, and shown to be the proximate result of the wrong. Sims v. Kent, 221 Ala. 589, 130 So. 213; City National Bank v. Jeffries, 73 Ala. 183, 193; 14 Ala.Dig. p. 35, Malicious Prosecution, ⊱ 66, 67; 38 C.J. p. 445, § 99.

But injury to reputation is not an essential element of the cause of action. The good or bad reputation of plaintiff does not enter into the inquiry unless a recovery is sought for injury to reputation or becomes material on other issues. Thus, we have held the defendant may not prove the bad reputation of plaintiff, unless known to defendant at the time he initiated the prosecution. In such event, the evidence goes to the question of probable cause. Gulsby v. Louisville & Nashville R. R. Co., 167 Ala. 122, 133, 52 So. 392.

We conclude this is not an action for injury to reputation within the meaning of the survival statute, Code, § 5712.

The trial Judge was in error in denying the motion to revive. The respondent, on being advised of this decision, will, on revivor of such motion, grant a revivor of the suit against the personal representative of the deceased. Otherwise, a peremptory writ will issue, on request of appellant.

Mandamus granted.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.