# State, *ex rel.* King, *et al. v.* Pearce, Judge.

### Mandamus.

(Decided February 10, 1916. Rehearing denied April 4, 1916.
71 South. 656.)

1. **Abatement and Revival; Death of Party; Common Law and Statute.**— The right to revive and continue an original suit is statutory; at common law, either in a real or personal action, the death of either party put an end to the action, and if the cause of action survives, a new suit might be brought in case of the death of plaintiff, by his personal representative.

2. **Same; Statute; Construction.**—The provisions of §§ 2496, 2497, and 2499, Code 1907, are in pari materia, and must be construed together.

3. **Same; Action on Contract.**—Under such sections, and their provisions, actions on contract or personal action, survive in favor of the personal representative upon the death of plaintiff; the terms, "legal representatives," "his successors," and "party in interest" having reference to a personal representative of deceased who is the only proper or necessary party.

4. **Same; Ejectment; Right of Heirs.**—Under such sections and their provisions, an action to try title or to recover the possession of land, survives in favor of the heirs as well as the personal representatives of deceased plaintiff, and may be revived either in the name of the heirs or the personal representatives.

5. **Mandamus; Petition; Dismissal.**—Where the petition for mandamus to compel the revival of an action on the contract discloses the petitioners are heirs at law of the original plaintiff, the petition does not make a case entitling petitioners to relief prayed, the personal representative being the only proper or necessary party, and the petition will be dismissed without the issue of the rule.

ORIGINAL petition in Court of Appeals.

Petition by the State of Alabama on the relation of H. B. King and others, for mandamus to require revival of a suit in the names of relators as heirs at law of W. C. King, deceased, who was the original plaintiff. Petition denied.

W. C. King began his suit in the circuit court against J. M. Deas and C. T. Harris, to recover of them the sum of $900, the basis of the suit being that they were agents of the Lahaska Insurance Company, of Pennsylvania, and as such agent made a contract with W. C. King, for and on behalf of the Lahaska Insurance Company, to insure a framed dwelling, and that, at the time said contract was made, said insurance company was a foreign corporation, and not qualified to do business in Alabama,

and that the loss of $900 was sustained on said contract. Pending the suit, W. C. King died, and, as no debts were owing, no administration was had on his estate, and the relators here, each being over the age of 21 years, sought to have the suit revived in their name. The court denied the order, and they applied for mandamus.

FARMER & FARMER, for appellant. W. L. LEE, for appellee.

BROWN, J.—Section 2496 of the Code provides: "All actions on contracts, express or implied; all personal actions, except for injuries to the reputation, survive in favor of and against the personal representative."

Section 2497 provides: "Real actions to try the title, or for the recovery of the possession of lands, and actions for injuries to lands, survive in favor of the heirs, devisees, or personal representatives, and against heirs, devisees, tenants, or personal representatives, according to their respective rights," etc.

Section 2499: "No action abates by the death or other disability of the plaintiff or defendant, if the cause of action survive or continue; but the same must, on motion, within twelve months thereafter, be revived in the name of   *   *   *   the legal representative of the deceased, his successor, or party in interest," etc.

(1) At common law, whether the action was real or personal, the death of either party put an end to the suit; and, if the cause of action survived, a new suit might be brought, in the case of the death of the plaintiff, by his personal representative.—1 Cyc. 47, A. To avoid the necessity of allowing a suit to abate under such conditions, these statutes were enacted, providing a course of procedure, for continuing the original suit to final judgment on the merits.—*Evans v. Welch*, 63 Ala. 250. Otherwise stated, the right to revive and continue the original suit is statutory.— 1 Cyc. 48; *Gould v. Car*, 33 Fla. 523, 15 South. 259, 24 L. R. A. 130; *Neal v. Haygood*, 1 Ga. 514; *In re. Palmer*, 115 N. Y. 493, 22 N. E. 221; *Green v. Watkins*, 6 Wheat. 260, 5 L. Ed. 256.

(2-4) These statutes, being in pari materia, must be construed together; and, when so construed, it is clear that in actions on contract and all personal actions, if the plaintiff dies and the cause of action survives, the action survives in favor of the personal representative.—*Wynn, as Adm'r, v. Tallapoosa County*

[Craig v. City of Birmingham.]

*Bank,* 168 Ala. 492, 53 South. 228.  In such actions the terms "legal representative," "his successor," and "party in interest," have reference only to the personal representative of the deceased, and such personal representative is the only proper or necessary party.—*Thompson v. Lee,* 31 Ala. 292.  In actions to try the title to or recover the possession of lands, on the death of the plaintiff the action survives in favor of the heirs as well as the personal representative, and the action may be revived in the name of either the heirs at law or the personal representative.—*Rowland & Heifner v. Ladiga's Heirs,* 21 Ala. 9; *Jordan v. Abercrombie,* 15 Ala. 580; *Leatherwood, et al. v. Sullivan, et al., Ex'rs,* 81 Ala. 458, 1 South. 718; *Espalla v. Gottschalf,* 95 Ala. 258, 10 South. 755; 1 Cyc. 89 (11).

The order of the circuit court overruling the petitioners' motion to revive in the names of petitioners as the only heirs at law of the deceased plaintiff was correct.

(5)  The petition, on its face, not making a case entitling the petitioners to the relief prayed, the petition will be dismissed without the issue of the rule nisi.—26 Cyc. 471; *Moore v. Waco Building Ass'n,* 92 Tex. 265, 47 S. W. 716.

Petition dismissed.