(81 South. 853)

Ex parte TYLER. (6 Div. 561.)

(Court of Appeals of Alabama. May 6, 1919.)

MANDAMUS ☞169—PETITION—INSUFFICIEN-CY—DISMISSAL—RULE NISI.

Where petition for mandamus on its face fails to make a case entitling petitioner to relief, a rule nisi will not be issued, since it would be a useless procedure.

Petition of W. G. Tyler for mandamus to be directed to Hon. Romaine Boyd, requiring him to set aside an order granting a rehearing in the case of W. G. Tyler against Mrs. M. S. Williams. Rule nisi denied, and petition dismissed.

J. T. Glover, of Birmingham, for appellant.

Harsh, Harsh & Harsh and James A. Mitchell, all of Birmingham, for appellee.

PER CURIAM. The merits of the case as presented by the petition for rehearing were considered and sustained on the appeal from the judgment of the trial court sustaining demurrers to that petition as amended and dismissing the same. Williams v. Tyler, 14 Ala. App. 591, 71 South. 51; Ex parte Tyler (Sup.) 73 South. 1002.[1] After the remandment of the cause on that hearing, the point was made by proper motion that the case had been discontinued by dropping the case from the docket and the failure of the court to make proper orders of continuance therein; but, in view of the agreement recited in the bill of exceptions, to the effect "that the general order of continuance from time to time had been made at the proper and regular time in this case," it is manifest that this position has been abandoned. After the motion above stated was overruled by the trial court, the defendant filed a general denial of the averments of the petition, and the proof was taken, and the court granted the prayer of the petition, entered an order setting aside the former judgment, and restored the case to the docket for retrial. The purpose of this petition is to review that order, and, after careful consideration of the proof in support of the petition for rehearing, which is set out in full and made a part of the petition for mandamus here, the opinion prevails that the proof, without material conflict, sustains the petition for rehearing, and that the trial court made and entered the correct order in the case. In other words, the petition for mandamus on its face failing to make a case entitling the petitioner to relief, the issuance of a rule nisi would be a useless procedure, and the motion, therefore, will be denied, and the petition dismissed. State ex rel. King v. Pearce, Judge, 14 Ala. App. 628, 71 South. 656.

Motion for rule nisi denied and petition dismissed.