(134 So. 130)

## Ex parte CORDER.
## 8 Div. 291.

Supreme Court of Alabama.
April 30, 1931.

Jas. G. Rankin, of Athens, for petitioner.

Lynne & Patton, of Athens, and Seybourn H. Lynne, of Decatur, for respondent.

**FOSTER, J.**

This is an action brought under section 5695, Code, by the father for the death of a minor child. After the institution of the suit, defendant died and over the protest of his administrator, the suit was revived against him. This proceeding is to test the right to do so. The contention is that the cause of action did not survive defendant's death, and therefore the action cannot be revived. It is further contended that though an action for a tort may survive, it is only so as to compensatory damages, and that because punitive damages only may be recovered in this action, therefore no good effect is accomplished by a revivor.

We have never had before us the exact question. We observe that section 5712, Code, provides for the survival of all actions on contract and all personal actions, except for injuries to the reputation. We note that this has been held to relate to actions and not causes of action. Wynn v. Tallapoosa County Bank, 168 Ala. 469, 490, 53 So. 228.

We observed that prior to the Code of 1907, the exception included injuries to the person as well as the reputation. Bruce v. Collier, 221 Ala. 22, 127 So. 553.

■ So that undoubtedly an action provided by section 5695, Code, such as this, is embraced within the terms of section 5712, relating to the survival of actions, as distinguished from causes of action. Now it is insisted that section 5715 only authorizes a revival on the death of the plaintiff or defendant, when the cause of action survives. That section does make such provision for revival when the cause of action survives. But it is obvious, as has been pointed out, that the several successive sections in this article must be construed in pari materia. Wynn v. Tallapoosa County Bank, supra; State v. Pearce, 14 Ala. App. 628, 71 So. 656.

While by section 5712 only the action is made to survive, such survival would be of no avail if it could not be revived when abated by death. So that an intention to revive

must be implied from the provision for its survival. If the action survives, the cause of action must also survive to the extent of keeping alive the action itself. While the cause might not survive if there is no action, the pendency of the action necessarily keeps the cause alive pro hac vice. So that when by sections 5715 and 5716, the provision is for revival on the death of plaintiff or defendant, if the cause of action survives, it necessarily means that it is so if the cause of action is thus kept alive because of the survival of the action or because of its very nature. Doubtless the whole field would have been covered if the revival were declared to exist upon the hypothesis that the action survive.

■ We have no difficulty, therefore, in reaching the conclusion that an action under section 5695 is a personal action in the terms of section 5712, and not being an injury to reputation, it survives against the personal representative of defendant who died pending the suit, and was properly revived under section 5715, provided that in an action under that section wherein only punitive damages are available, they may be recovered against the representative of defendant.

For the sake of the argument, and without further inquiry into the subject, we accept the two premises that only punitive damages are provided for in that section (L. & N. R. R. Co. v. Bogue, 177 Ala. 349, 58 So. 392), and that ordinarily, a claim for punitive damages in any nature of action does not survive the death of defendant. Meighan v. Birmingham Terminal Co., 165 Ala. 591, 599, 51 So. 775 (citing 1 Sedg. Dam. § 360); 65 A. L. R. 1049.

The plaintiff has no right to punitive damages other than such as may be granted by law in the discretion of the jury. Therefore the law can take it away without violating the Constitution. The law giveth and the law may take away. Meighan v. Birmingham Terminal Co., 165 Ala. 591, 51 So. 775; Ala. Power Co. v. Goodwin, 210 Ala. 657, 99 So. 158.

And we may assume that to survive the death of defendant, it should appear that such was the legislative intention expressed or necessarily implied in what is expressed.

We get some help in this connection in tracing the history of sections 5695 and 5696. Section 5696, the homicide statute, provides that the action shall not abate by the death of defendant. Section 5695 does not so provide. The former section in some form has continued since the Code of 1852, §§ 1938, 1939, 1940, 1941. Those sections were carried into the Code of 1867, §§ 2299–2300. There was then no provision made for the survival of the action on the death of defendant. This was first enacted with some other

changes in 1872. Acts 1871–72, p. 83. At the same session an act was first passed creating a cause of action in favor of the parent for the death of a minor child, but only against a corporation or private association of persons. Acts 1871–1872, p. 82. Of course, there was no occasion for a provision for survival on the death of defendant in such action. It was the Act of January 23, 1885, page 99, which extended the action of a parent to include, as defendant, any person or corporation. This went into the Code of 1886, as section 2588. No provision for survival was included. This act also provided that in case of the death of the parents, the suit could be maintained by the representative of the minor. As this act went into the Code of 1886 (section 2588) and carried forward into that of 1896 (section 26), the right of the personal representative of the minor to sue was not made dependent upon the death of the parents. Construing the Code 1886, § 2588, this court made a remark incidentally that the recovery under it is wholly for the benefit of the parents, or in case of their death after the injury for the benefit of their estate and not for distribution as provided in section 2589 (now § 5696). T., C., I. & R. Co. v. Herndon, 100 Ala. 451, 457, 14 So. 287. This idea was also emphasized and extended in the later case of White v. Ward, 157 Ala. 345, 349, 350, 47 So. 166, 18 L. R. A. (N. S.) 568. This would indicate that for the death of a minor child section 5695 only applies, whether the suit is by the parent or a personal representative, if at the time of the injury, the minor had a parent living. If he then had no parent living the action is controlled by section 5696. The former section makes no provision for the survival of the action after defendant's death. The latter does make such provision.

We have shown that section 5712 makes provision for its survival in a general way. Construing sections 5695 and 5696 together as embracing the subject of liability for wrongful homicides not otherwise expressly provided for, and noting that they are closely related in every respect (L. & N. R. R. Co. v. Bogue, supra, 177 Ala. 359, 58 So. 392), it seems to us to be a reasonable conclusion that the Legislature intended to keep alive an action under section 5695, after the death of defendant just as such action is kept alive under section 5696, and that such intention is sufficiently manifested in section 5712, construed in connection with the others last above mentioned.

The action was therefore properly revived, and the writ of mandamus is denied.

Writ denied.

All the Justices concur.