118 So.2d 922

**STANDARD ACCIDENT INSURANCE COMPANY**

v.

**Wesley W. WHITSET, as Administrator.**

**6 Div. 470.**

Supreme Court of Alabama.

March 17, 1960.

Jas. O. Haley and Lange, Simpson, Robinson & Somerville, Birmingham, for appellee.

S. R. Starnes, Jos. G. Gamble, Jr., and Spain, Gillon & Young, Birmingham, for appellant.

SIMPSON, Justice.

The plaintiff, appellant, Standard Accident Insurance Company, a corporation, instituted a suit against Wesley W. Whitset, as administrator of the estate of Greta Whitset Jones, deceased, in the Circuit Court of Jefferson County, Alabama. Appellant's complaint alleged that appellant insured James Newt Glaze or his estate against damage to a certain automobile by reason of collision; that on August 25, 1957, said automobile was damaged as a proximate consequence of the negligence

of appellee's intestate; that James Newt Glaze died as a result of injuries sustained in said accident; that appellant had paid the amount due under said policy to the administrator of the estate of James Newt Glaze and thereby became subrogated to the rights and claims of the estate of the said James Newt Glaze against the defendant to the extent of its loss. It thus appears that plaintiff's action is grounded on the alleged tort of appellee's intestate.

Defendant interposed demurrers to the complaint and the court entered an order sustaining them. The plaintiff thereupon took a non-suit on account of this adverse ruling and from the judgment of non-suit the appeal is taken.

The survival of actions and causes of action, as here pertinent, are controlled by statute in Alabama. Tit. 7, § 150, Code of Alabama of 1940; Tit. 7, § 123(1), Code of Alabama of 1940; Wynn v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228; Ex parte Holsonback, 236 Ala. 265, 182 So. 28.

Title 7, § 150, as originally adopted provided for the survival of *actions*. There is a distinction between *actions* and *causes of action*. This court pointed out this distinction in the Wynn case, supra, and held that the foregoing statute did not at that time provide for the survival of *causes* of action. Subsequently, the legislature amended the same to read as follows:

"All actions and causes of action on contract, express or implied, and all personal actions, except for injuries to the reputation, survive in favor of and against personal representatives; and all personal causes of action survive against the personal representative of a deceased tort feasor." Gen.Acts, 1951, p. 1290.

The foregoing statute does not provide that personal causes of action survive *in favor* of the personal representative of a deceased person, but does provide that such causes of action survive *against* the personal representative of a deceased tortfeasor.

In addition to the foregoing, the legislature in 1956 passed Tit. 7, § 123(1), which reads as follows:

"§ 123(1). Action for injuries to property resulting from tort which caused owner's death.—The personal representative of a deceased person may maintain an action in a court of competent jurisdiction within the State of Alabama, and not elsewhere, and recover such damages as the jury may assess, for injuries or damages to the property of the decedent resulting from the same wrongful act, omission or negligence which caused the death of the decedent, provided the decedent could have maintained such action if the wrongful act, omission or negligence causing the property damage had not also caused his death. Such action may be maintained, though there has not been prosecution or conviction, or acquittal of the defendant for the wrongful act, omission or negligence; and shall not abate by the death of the defendant, but may be revived against his personal representative. The damages recovered are not subject to the payment of the debts or liabilities of the decedent, but must be distributed according to the statute of distributions. Such action must be brought within one year from and after the death of the decedent. (1956, 1st Ex.Sess., No. 113, appvd. Feb. 14, 1956.)"

The right to bring an action for property damage after the death of the injured party has thus been extended to the personal representative of the decedent by virtue of the foregoing section. Prior to the passage of the same there was no such right, since the right to bring an action after the death of the injured party before that time was controlled by Tit. 7, § 150, Code of

Alabama of 1940, as amended, which does not provide for the survival of personal causes of action *in favor* of the personal representative of the decedent.

Said § 123(1), supra, grants to the personal representative of a deceased person the right to "maintain an action * * * for injuries or damages to the property of the decedent resulting from the same wrongful act, omission or negligence which caused the death of the decedent, provided the decedent could have maintained such action * * *", and further provides that such damages as recovered in such an action "must be distributed according to the statute of distributions". This language is identical to that contained in Tit. 7, § 123 (the wrongful death statute) and we have previously held that the *estate* of such decedent is not interested in the result of a suit brought under that section. Stephens v. Williams, 226 Ala. 534, 147 So. 608.

The complaint in the case at hand averred that the plaintiff (appellant) had become subrogated to the rights of the *estate* of the said Glaze. Tit. 7, § 123(1), supra, does not create a right in the *estate* of the decedent but creates a right in the *personal representative* of the estate of the decedent and provides for the distribution of damages recovered thereunder according to the statute of distributions. Such being the case, the complaint did not state a cause of action in this appellant and the demurrers were properly sustained.

Appellant points out that this result will promote manifest injustice where the equities of subrogation are involved. It is, however, the province of the legislature and not the court, to correct such injustice by providing a remedy in favor of the subrogee in such instances.

Affirmed.

STAKELY, GOODWYN, and MERRILL, JJ., concur.