160 So.2d 486

**Julia S. McDOWELL, Adm'x,**

v.

**HENDERSON MINING COMPANY, Incorporated.**

**4 Div. 146.**

Supreme Court of Alabama.

Nov. 21, 1963.

Rehearing Denied Jan. 30, 1964.

John C. Walters, Troy, for appellant.

Oliver W. Brantley, Troy, for appellee.

GOODWYN, Justice.

Appeal by plaintiff from a judgment of nonsuit induced by adverse rulings on pleadings. Code 1940, Tit. 7, § 819.

The suit was filed on March 17, 1962, by: "Julia S. McDowell, as administratrix of estate of Murray L. McDowell, deceased," v. "Henderson Mining Company, Incorporated, A Corporation." The complaint consists of two counts, both claiming damages. to decedent's lands "on or about April 18, 1961." Each count alleges that the defendant maintained a "slush" pond adjacent to decedent's land which was used by defendant in connection with its iron ore mining operations. Count 1 charges defendant with negligence in allowing the embankment of the "slush" pond to break, thereby causing mud, slush, water, and debris to go onto and injure decedent's land.

In count 2, defendant's liability is based on the following allegations:

"On or about the 18th day of April, 1961, the defendant by and through its agents, servants or employees, who were then and there acting within the line and scope of their agency or employment, and binding the defendant in the premises, intentionally broke said dam or embankment, and as a proximate consequence thereof the mud, water and slush therefrom ran over and on and into the said lands of plaintiff's intestate, greatly injuring said lands, trees and timber thereon, to plaintiff's damage in amount of $20,-000."

The defendant, in answer to the complaint, and each count separately, filed a sworn plea alleging that "plaintiff's intestate, Murray L. McDowell, died September 2, 1961, and the cause of action does not

survive." Plaintiff filed a motion to strike said plea. The motion was denied. Plaintiff then demurred to the plea. The demurrer was overruled. Thereupon, plaintiff moved for a nonsuit because of said adverse rulings and a judgment of nonsuit was entered. This appeal followed.

■ Under the common law rule, followed in this State, "no action could be maintained, by an executor or administrator, to recover damages for an injury, done either to the person or the property of his testator or intestate—the action died with the person—and this principle applied as well when the deceased was the aggressor, as when he was the party injured." Blakeney v. Blakeney, 6 Port. 109, 116, 30 Am. Dec. 574. See also: Fretwell v. McLemore, 52 Ala. 124, 142–143; Wynn v. Tallapoosa County Bank, 168 Ala. 469, 490–493, 53 So. 228; Shirley v. Shirley, 261 Ala. 100, 103, 73 So.2d 77; Standard Accident Insurance Company v. Whitset, 270 Ala. 334, 335, 336, 118 So.2d 922; Marshburn v. Forest Products Co., 41 Ala.App. 664, 665, 148 So.2d 653.

Our problem, then, is to determine whether there is a statute providing for survival of a *cause of action* in favor of an intestate's personal representative which involves damage to the intestate's real property during his lifetime.

The several statutes bearing on the question of survival of *actions* and *causes of action*, with which we are presently concerned, are as follows: § 150, Tit. 7, Code 1940, as amended by Act No. 737, appvd. Sept. 5, 1951, Acts 1950–51, Vol. II, p. 1290; §§ 137 and 151, Tit. 7, Code 1940; § 124, Tit. 61, Code 1940.

■ Before discussing these statutes, it might be well to note that there is a distinction between "actions" and "causes of action", as those terms are there used. An "action" is a proceeding pending in court to determine the parties' rights and liabilities with respect to a legal wrong or cause of action. A "cause of action" is a legal wrong for which an "action" may be, but has not been, brought in court. See: Standard Accident Insurance Company v. Whitset, 270 Ala. 334, 336, 118 So.2d 922, supra; Ex parte Corder, 222 Ala. 694, 695, 134 So. 130; Wynn v. Tallapoosa County Bank, 168 Ala. 469, 490–493, 53 So. 228, supra. As already noted, we are dealing here with the survival of a "cause of action."

■ It is to be noted, also, that in Wynn v. Tallapoosa County Bank, 168 Ala. 469 (51), 494–495, 53 So. 228, supra, it was held that statutes intended to aid the survival of "actions" are remedial, and are to be liberally construed, while those in aid of survival of "causes of action" are in derogation of the common law, and are to be strictly construed. In this connection, we quote the following from the opinion in that case, written by Mayfield, J., viz:

"In the main, it will be seen that the Legislatures have been resurrectionists, as to both dead causes and actions. The courts have aided them as to the 'actions,' but have retarded them as to 'causes.' As to the one, the statutes are remedial and are liberally construed; as to the other, they are in derogation of common-law rights, and are strictly construed. As to the one, they willingly believe in the resurrection, but as to the other they are usually doubting Thomases, and are more inclined to reinter them, as corpses, than to aid in their resurrection. They require convincing proof as to the survival of the 'cause'—they will accept no ghost stories. Whether our statutes should or should not provide for the survival of causes as well as of actions, is one conclusively for the Legislature and not for the court. It is our duty and province to expound, interpret, and apply the law of rights as distinguished from rules of procedure and practice, and not to change the law of rights. 'Courts should protest alike against judge-made law and judicial interference by the Legislature.' "

Section 150, Tit. 7, as amended, supra, provides as follows:

"All actions *and causes of action* on contract, express or implied, and all personal actions, except for injuries to the reputation, survive in favor of and against personal representatives; *and all personal causes of action survive against the personal representative of a deceased tort feasor."*

The significant changes wrought by the 1951 amendment are italicized. It is to be observed that this section still provides for survival of "personal *actions* * * * in favor of and against personal representatives", and does not provide for survival of "personal *causes of action" in favor of* personal representatives. It is provided that "personal *causes of action"* survive only *against* a deceased tort feasor's personal representative. Strictly construing amended § 150, it does not authorize the bringing of the present suit.

Appellant places principal reliance on § 137, Tit. 7; which provides as follows:

"Any person or his personal representatives may maintain an action against the executor or administrator of any testator or intestate who in his lifetime has wasted, destroyed, taken, or carried away, or converted to his own use, the goods or chattels of any such person, or committed any trespass on the real estate of such person."

■ This section had its origin as § 5710 of the 1923 Code, it having been included in the Code by the Code Commissioner. From its beginning, it has borne this title: "Executor and administrator may be sued for waste or trespass of decedent." By its express terms it authorizes only an action "against the executor or administrator of any testator or intestate." Even if it should be assumed that count 2 charges a trespass on the real estate of appellant's intestate, the question then would be whether the right of the intestate's personal representative to maintain an action "against the executor or ad-

ministrator of any testator or intestate," as given by this section, should be construed as giving authority to the personal representative to bring a trespass action against the defendant corporation. Applying a strict construction to § 137, as must be done, we find no basis for giving it a meaning authorizing such suit. Only by saying something is there which is not there could we hold in accordance with appellant's insistence. If there is a manifest injustice in not providing for the survival of causes of action, such as the one before us, that is a matter for remedy by the legislature and not this court. As being of some interest at this point, we quote the following from Gustafson v. Rajkovich, 76 Ariz. 280, 263 P.2d 540, 40 A.L.R.2d 520:

" 'The rule seems a harsh one, for we cannot see why, as a matter of justice, the common-law disability should be removed if the action is filed before the tort-feasor dies, but remains if the death occurs too quickly for the injured party to commence the action. The remedy, however, is with the Legislature and not with the courts.'

"We take from the case of Westminster School District of Orange County v. Mendez, 9 Cir., 161 F.2d 774, 780, the following:

" ' * * * Of course, judges as well as all others must keep abreast of the times but judges must ever be on their guard lest they rationalize outright legislation under the too free use of the power to interpret. We are not tempted by the siren who calls to us that the sometimes slow and tedious ways of democratic legislation is no longer respected in a progressive society. * * *' "

Section 151, Tit. 7, provides as follows:

"Real actions to try the title, or for the recovery of the possession of lands, and actions for injuries to lands survive in favor of heirs, devisees, or personal representatives, and against heirs, devisees, tenants, or personal repre-

sentatives according to their respective rights; and the court must direct the record and judgment to be so framed as to secure their rights and declare their respective interests."

This section deals only with the survival of *"actions for injuries to lands"* and not *causes of action.*

Section 124, Tit. 61, provides as follows:

"All proceedings to ascertain damages done to real property survive to the executors or administrators."

By its express terms, this section provides only for the survival of "all proceedings." Strictly construing this section, we are of the opinion that the term "proceedings" does not include "causes of action," such as the one involved in this case. The term "proceedings" clearly imports that some measure, step or act must have been taken in some legal forum prior to the landowner's death for the purpose of ascertaining the damages to his realty.

Finding no statutory authority for survival of the "cause of action" here involved, the judgment appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and HARWOOD, JJ., concur.

On Rehearing.

GOODWYN, Justice.

Appellant argues that Nations v. Hawkins' Adm'rs, 11 Ala. 859, is authority supportive of her position and if not followed it should be distinguished from the present case or overruled. Suffice it to say that the statute (Clay's Digest (1843), p. 313, § 2) dealt with in Nations was not carried into the 1852 Code, nor has it been included in subsequent Codes. Section 2157 of the 1852 Code, the predecessor of § 150, Tit. 7, Code 1940, as amended, was evidently intended to take the place of the earlier statute. As noted in the original opinion, the cases dealing with § 150 have made a distinction between an "action" and a "cause of action." Our consideration of § 150 was in the light of these decisions, which we consider to be controlling.

Application overruled.

LIVINGSTON, C. J., and COLEMAN and HARWOOD, JJ., concur.