166 So.2d 395

**Martha SMITH**

v.

**Clotea C. WOODALL.**

6 Div. 854.

Supreme Court of Alabama.

June 25, 1964.

John S. Tucker, Jr., Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellee.

COLEMAN, Justice.

This is an appeal by the mother of a deceased minor from a judgment denying the mother's motion to be susbtituted for the original plaintiff in an action for wrongful death of the minor, and dismissing the action.

After commencing the action, the original plaintiff died. He was the father of the minor. The mother's motion recites that the father died December 16, 1960.

On January 23, 1962, more than twelve months after father's death, defendant filed motion to dismiss the case on the ground that the plaintiff had died more than one year preceding the filing of the motion and no steps had been taken to revive the action.

On January 31, 1962, the mother filed her motion praying that she be substituted as plaintiff in lieu of the deceased father. The mother's motion recites that the action was filed under §§ 118 and 119, Title 7, Code 1940, for the use and benefit of the father and the mother.

The mother argues that she "had a cause of action, with conditions, as well as the

father with the damages going to the father and mother equally," and that "substitution of parties is proper. Otherwise the damages recovered would be channeled into parties other than the parents," which would be contrary to the legislative intent expressed in §§ 118 and 119.

It is not necessary to decide whether recovery for the child's death should be paid to the father's personal representative, or to the mother, or equally to both, because the action was not revived in the name of either of them within twelve months after the father's death. To prevent abatement of the action, proper steps to revive in some living plaintiff's name, taken within twelve months after the father's death, were necessary.

§ 153, Title 7, Code 1940, recites:

"§ 153. No action abates by the death or other disability of the plaintiff or defendant, if the cause of action survive or continue; but the same must, on motion, within twelve months thereafter, be revived in the name of or against the legal representative of the deceased, his successor, or party in interest; or the death of such party may be suggested upon the record, and the action proceed in the name of or against the survivor."

§ 153 is in the nature of a statute of limitation barring the right to revive if it is not exercised in the mode and within the time prescribed. Pope v. Irby, 57 Ala. 105; Willis v. Patterson, 243 Ala. 515, 10 So.2d 856.

Because the right to revive was not exercised within twelve months after plaintiff's death, the court ruled correctly in denying the motion to revive and in dismissing the action.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.