**Victor Lewis GOLATTE, etc., Plaintiff,**

v.

**Sue Wilson MATHEWS, etc., Defendant.**

**Civ. A. No. 75–14–E.**

United States District Court, M. D. Alabama, E. D.

May 9, 1975.

Ruth S. Sullivan, Dadeville, Ala., for plaintiff.

J. Gusty Yearout, Lange, Simpson, Robinson & Somerville, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION AND ORDER

VARNER, District Judge.

This cause is now before the Court on two separate motions, viz., the Plaintiff's motion to remand this suit to the Circuit Court of Tallapoosa County, Alabama, filed herein March 28, 1975, and the Defendant's motion to quash the revival of this suit or in the alternative motion to dismiss filed herein March 19, 1975.

The facts of the case are that the Plaintiff filed a complaint in State Court on July 26, 1975, in a typical negligence suit, demanding of the Defendant, Jack T. Mathews, damages of $25,000.00. However, the Defendant, Jack T. Mathews, had died on June 15, 1974. On February 4, 1975, the Plaintiff filed a motion in State Court asking that his suit against Jack T. Mathews be revived against Sue Wilson Mathews, as Executrix of the Estate of Jack T. Mathews. This motion was granted by the State Court on February 5, 1975. The substituted Defendant, Sue Wilson Mathews, filed a petition for removal of the suit to the United States District Court for the Middle District of Alabama on March 19, 1975. Jurisdictional amount was adequate from the face of the origi-

nal complaint and diversity of citizenship has never been challenged by the Plaintiff. On March 28, 1975, after the removal, the Plaintiff amended his complaint to claim damages less than the jurisdictional amount of $10,000.00, i. e., $9,950.00, and filed a motion to remand the suit to State Court on the grounds that this Court cannot properly hear this case since the requisite jurisdictional amount was not satisfied. Previously, on March 19, 1975, the Defendant filed her motion to quash the order issued by the State Court which allowed revival of the Plaintiff's suit (and which, in the alternative, prayed for dismissal of the suit), the Defendant giving her reasons for so moving.

*I. Plaintiff's motion to remand.* The initial inquiry is whether the requisite jurisdictional amount appears in view of the Plaintiff's amendment of his complaint to claim an amount less than the jurisdictional amount. The leading case is St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Also see Handbook of the Law of Federal Courts, Charles Alan Wright, 2nd Edition 1970, § 33 for discussion. The general rule set forth in St. Paul Mercury Co. v. Red Cab Co., supra, for determining the presence or absence of jurisdictional amount in a given case is as follows:

"The rule governing dismissal for want of jurisdiction (amount) in cases brought in the federal courts is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." (parenthetical expression added)

Applying this rule to the Plaintiff's original complaint, it can hardly be said that the Plaintiff's original claim for $25,000.00 of damages in State Court has been made in other than good faith. In addition, granting for purposes of argument that there may be very little chance factually for the value of the Plaintiff's claim to be greater than the jurisdictional amount, there is still no legal certainty in the instant case that the claim is really for less than the jurisdictional amount. In his original complaint, the Plaintiff claimed a full $25,000.00 as damages which the Plaintiff alleged resulted from a single act of negligence of Jack T. Mathews. The extent of those damages is a question for the jury and cannot be reduced to a sum below the jurisdictional amount by the resolution by this Court of some question of law. See Barry v. Edmunds, 116 U.S. 550, 6 S.Ct. 501, 29 L.Ed. 729; Bell v. Preferred Life Assurance, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943).

In St. Paul Mercury Indemnity Co. v. Red Cab Co., supra, the United States Supreme Court did not permit ouster of federal jurisdiction based on jurisdictional amount once it attached, stating:

"A different situation is presented in the case of a suit instituted in a state court and thence removed. There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end. * * * Moreover, the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove. * * * And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." (at 290–292, 58 S.Ct. at 591)

Consequently, the Plaintiff's motion to remand this suit to State Court should be denied.

*II. Defendant's motion to quash revival and in the alternative motion to dismiss.* In the case before the Court, the Plaintiff asked the State Court to revive the suit the Plaintiff had origi-

nally filed against Jack T. Mathews in the name of Sue Wilson Mathews, as Executrix of the Estate of Jack T. Mathews. The State Court granted the Plaintiff's request. The significant fact is that the original Defendant, Jack T. Mathews, had died before the Plaintiff ever filed his complaint against Jack T. Mathews. Arguably, there was never a valid pending suit against Jack T. Mathews as he was not living when it was filed. Thus, the question for decision is may lawsuits in Alabama be revived against the legal representatives of deceased tortfeasors who have died before the original complaint against them was filed?

■■■ The Defendant in her motion to quash the revival of the suit is asking this Court, in effect, to review the order of the Alabama Circuit Court which granted the Plaintiff's motion to revive the suit. Although federal courts do not have the power to review the acts of State courts per se, federal courts do have the power (and indeed the duty) to do so insofar as consistent with the dictates of the developed Erie doctrine (see Erie Railroad Co. v. Thompkins, 304 U. S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Wright, Federal Courts, supra, §§ 55, 58). According to Commissioner v. Estate of Bosch, 387 U.S. 456, 87 S. Ct. 1776, 18 L.Ed.2d 886 (1967), a leading interpretive case of *Erie,* a federal court in determining State law is not necessarily bound by the holding of a State trial court, even in the absence of controlling decisions by the State's highest court; rather, all the federal court need do in that situation is to "apply what they find to be the state law after giving 'proper regard' to the relevant rulings of other (lower) courts of the State" (at 465, 87 S.Ct. at 1783). Thus, within these parameters, this Court can

review the Alabama Circuit Court's order allowing the Plaintiff's motion to revive as requested by the Defendant in her motion to quash revival. [See also, Roginsky v. Richardson-Merrell, Inc., 378 F.2d 832 (2nd Cir. 1967)].

The Code of Alabama, Title 7, § 153, provides in part:

> "No *action* abates by the death or other disability of the plaintiff or defendant, if the cause of action survive or continue; but the same must, on motion, within twelve months thereafter, be revived in the name of or against the legal representative of the deceased. * * *." (emphasis added)

This section was superseded by Rule 25 of the Alabama Rules of Civil Procedure, which states in pertinent part:

> "If a *party* dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. * * *." (emphasis added)

The nature of both of these statutes is to function as a statute of limitations to bar the right to revive if it is not exercised in the mode and within the time prescribed. See Smith v. Woodall, 276 Ala. 666, 166 So.2d 395 (1964); see the annotations to the 1973 Cumulative Supplement of the Code of Alabama, Title 7, § 153. The purpose of the new Rule 25 is to change the mode and time constraint within which to exercise this right, which change is not relevant to the discussion here.[1] (See Committee Comments to Rule 25 of the Final Draft Proposed Alabama Rules of Civil Procedure, 1972). In spite of this difference between the two statutes, the circumstances under which rights attach under them as to this case are the same.[2] This last observation is crucial for this case.

---

1. An action abates if not revived within 12 months of the death of the defendant, Code of Alabama, Title 7, § 153, or within six months after the death of the party in question is suggested on the record, Rule 25, Alabama Rules of Civil Procedure.

2. A distinction is being drawn here between the attachment of a right and an exercise of that right by an individual once it has attached, or has otherwise come into existence.

■ The Alabama Supreme Court draws a distinction between "actions" and "causes of actions" when it analyzes statutes which deal with the abatement, survival and revival of actions, such as the Code of Alabama, Title 7, § 153, and Rule 25, Alabama Rules of Civil Procedure.[3] In McDowell v. Henderson Mining Co., 276 Ala. 202, 160 So.2d 486 (1963), the Alabama Supreme Court expressed this distinction as follows:

> "An 'action' is a proceeding pending in court to determine the parties' rights and liabilities with respect to a legal wrong or cause of action. A 'cause of action' is a legal wrong for which an 'action' may be, but has not been, brought in court." 160 So.2d 486, 488.

See also Carroll v. Florala Memorial Hospital, 288 Ala. 118, 257 So.2d 837 (1972). Applying this distinction to the statutes set forth above, special attention must be placed on the word "action" underlined in the above quotation of the Code of Alabama, Title 7, § 153, and the word "party" underlined in the above quotation of Rule 25, Alabama Rules of Civil Procedure. Reading the underlined word "action" in Title 7, § 153 as meaning a pending proceeding, that section can only be interpreted to allow the revival of lawsuits which are, in fact, pending or on-going when the alleged tortfeasor in question dies. The test of whether a suit is pending or not is whether or not a complaint in the suit has been filed against any defendant or defendants (Rules 3, 4(a), Alabama Rules of Civil Procedure)[4]. When Jack T. Mathews died, no complaint had been filed against him by the purported Plaintiff in this suit. No action was pending. Consequently, under the Code of Alabama, Title 7, § 153, no action against Jack T. Mathews can be revived by the Plaintiff in this suit since no action ever existed between the Plaintiff and Jack T. Mathews at the time the latter died. See Shirley v. Shirley, 261 Ala. 100, 73 So.2d 77 (1954). Since the word "party" in the context of discussing legal claims refers to a pre-existing lawsuit[5], the use of the word "party" set forth above in the new Rule 25, Alabama Rules of Civil Procedure, evidences a purpose to continue in the practice of allowing the revival of lawsuits only when the alleged tortfeasor dies after an "action", or pending proceeding, has already been instituted against him. Therefore, the Defendant's motion to quash revival of the Plaintiff's lawsuit should be granted.

The Plaintiff has brought to the Court's attention several cases he claims

---

3. Special attention should be paid to statutes which permit the revival of actions and court cases which interpret how such actions are to be applied, for few such proceedings reviving actions and the like existed at common law. In State v. Pearce, 14 Ala.App. 628, 71 So. 656 (1916), the Court of Appeals of Alabama stated: "At common law, whether the action was real or personal, the death of either party put an end to the suit; and, if the cause of action survived, a new suit might be brought, in the case of the death of the plaintiff by his personal representative * * * To avoid the necessity of allowing a suit to abate under such conditions, these statutes were enacted * * *." (14 Ala.App. 628 at 629, 71 So. at 657).

4. These Rules 3 and 4(a), Alabama Rules of Civil Procedure, are in accord with pre-existing Alabama practice, see Code of Alabama, Title 7, §§ 182 and 183.

5. The word "party" is not defined in the Alabama Rules of Civil Procedure. A definition of "party" in Black's Law Dictionary, Revised 4th Ed. (1968), which is pertinent to this case, is as follows: " 'Party' is a technical word, and has a precise meaning in legal parlance. By it is understood he or they by or against whom a legal suit is brought, whether in law or equity; the party plaintiff or defendant, whether composed of one or more individuals, and whether natural or legal persons, (they are parties in the writ, and parties on the record); and all others who may be affected by the suit, indirectly or consequently, are persons interested, but not parties. (citing Merchant's Bank v. Cook, 4 Pick, 405)." A more general definition of the word "party" in *Black's* is as follows: "A person concerned or having or taking part in any affair, matter, transaction, or proceeding, considered individually."

to be in his favor, namely, McDowell v. Henderson Mining Co., supra; Standard Accident Company v. Whitset, 270 Ala. 334, 118 So.2d 922 (1960); and Reid v. State, 168 Ala. 118, 53 So. 254 (1910). However, they are all inapposite to the issues in this case for various reasons. *McDowell* is inapposite because it involves a question concerning the survival of a cause of action, whereas this case concerns the survival of what the Plaintiff alleges to be an action. *Standard Accident Company* is concerned with the distinction between survival of personal causes of action for and against personal representatives. Reid v. State, supra, concerns a criminal prosecution for bigamy and appears not to discuss at all the revival of actions. Thus, the Defendant's motion to quash revival of Plaintiff's lawsuit is due to be granted.[6]

Further, since Jack T. Mathews, the Defendant named in the Plaintiff's original complaint, died before the Plaintiff had filed a complaint against him, it appears that the Plaintiff has never had a validly instituted suit against anyone. Accordingly, the Defendant's motion to quash revival of the suit of the Plaintiff against her is due to be granted. In accordance with the foregoing, it is the

Order, judgment and decree of this Court that the Plaintiff's motion to remand filed herein March 28, 1975, be, and the same is hereby, denied. It is further

Ordered that the Defendant's motion to quash the revival filed herein March 19, 1975, be, and the same is hereby, granted.

This Court specifically retains jurisdiction of Defendant's motion to dismiss

to give the Plaintiff an opportunity to properly invest this Court with jurisdiction if that may be done in this proceeding. Plaintiff is hereby given 30 days to replead.

---

6. In reaching this decision, this Court has kept within the boundaries set forth in Commissioner v. Estate of Bosch, supra, as to the review of decisions of State trial courts pursuant to the Erie doctrine. This Court did not have to apply what it found to be the law of the State (even if in derogation of the decision of a State trial court) in the absence of any guidance of the highest court in the State. Rather, this Court's decision was guided by the Alabama Supreme Court's interpretation of some of the statutory language which appeared in this case (McDowell v. Henderson Mining Co., supra; Carroll v. Florala Memorial Hospital, supra) and another Alabama Supreme Court case which offers dicta that interprets the State revival statutes appearing in this case in a manner consistent with this Court's interpretation of those statutes (Shirley v. Shirley, supra).