DECISION AND JOURNAL ENTRY
Appellant, U.S. Steel Corporation ("U.S. Steel"), appeals the Lorain County Court of Common Pleas' entry of summary judgment against it. We affirm.
On August 30, 1994, Doreen Lute and William A. Lute, her husband, filed suit against numerous asbestos manufacturers alleging that exposure to their products had caused the cancer with which Mr. Lute was afflicted.[1] Mr. Lute had been exposed to asbestos while employed by U.S. Steel. Mr. Lute passed away on January 19, 1995. Mrs. Lute continued to press tort claims against the various manufacturers in her own capacity and as executor of Mr. Lute's estate (hereinafter "Mrs. Lute"), filing an amended complaint on May 19, 1995. Further, Mrs. Lute sought and received benefits from the Ohio Bureau of Workers' Compensation for her husband's death. As U.S. Steel is a self-insured employer as to workers' compensation, U.S. Steel paid the workers' compensation benefits to Mrs. Lute.
On December 30, 1998, U.S. Steel, upon leave granted by the trial court, filed a complaint in intervention. U.S. Steel claimed a right of subrogation, pursuant to R.C. 4123.93, to any amount received by Mrs. Lute, to the extent of the benefits that it had paid under the workers' compensation system. On July 30, 1999, Mrs. Lute filed a motion for summary judgment against U.S. Steel. U.S. Steel responded in opposition. The trial court granted Mrs. Lute's motion on October 18, 1999, dismissing U.S. Steel's subrogation claim. The claims between Mrs. Lute and the defendants below were dismissed, apparently due to settlements. Upon motion by U.S. Steel, the trial court dismissed U.S. Steel's remaining claims. This appeal followed.
U.S. Steel asserts one assignment of error:
 The court below erred in granting plaintiff-appellee's motion for summary judgment against intervening plaintiff-appellant and in dismissing, with prejudice, the claim of intervening plaintiff-appellant.
 U.S. Steel avers that the trial court erred in granting summary judgment because R.C. 4123.93 subrogates a self-insured employer to the employee's right to recover in tort to the extent it has paid an employee's claim under workers' compensation. Moreover, U.S. Steel avers that this is so even if the employee has died and is, therefore, represented in the tort action by the administrator of the employee's estate. Furthermore, U.S. Steel avers that the Ohio Supreme Court has held that a deceased's personal representative steps into the deceased's shoes in a wrongful death action, and therefore essentially, the deceased is a party to the action. Hence, U.S. Steel argues that Mr. Lute, although deceased, is a party to this action. We disagree.
"Unlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo."Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108.
Subrogation rights of a self-insured employer, as relevant to this action, are set forth in the former R.C. 4123.93:
 (B) The administrator of workers' compensation, for the amount of compensation and benefits paid to or on behalf of an employee from any fund in the workers' compensation less the amount of reasonable attorney's fees and court costs actually incurred by the employee in the action, fund, an employer who contracts with an independent third party for the provision of medical, surgical, nursing, drug, rehabilitation, and hospital services and supplies to an employee under division (D) of section 4121.44 of the Revised Code, to the extent of the cost of such services and supplies provided to or on behalf of the employee for an injury or occupational disease that is compensable under this chapter or Chapter 4121., 4127., or 4131. of the Revised Code, less the amount of reasonable attorney's fees and court costs actually incurred by the employee in the action, and a self-insuring employer, for the amount of compensation and benefits paid to or on behalf of his employee for an injury or occupational disease that is compensable under this chapter or Chapter 4121., 4127., or 4131. of the Revised Code, less the amount of reasonable attorney's fees and court costs actually incurred by the employee in the action, are subrogated to all of the rights of that employee against a third-party tortfeasor involving that compensable injury or disease.
* * *
 (D) The right of subrogation which inures to the benefit of the administrator, employer, or self-insuring employer under division (B) of this section is automatic and applies only if the employee is a party to an action involving the third-party tortfeasor.
 In construing a statute, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." R.C. 1.42.
In the instant case, U.S. Steel argues that the Ohio Supreme Court's pronouncements in Holt v. Grange Mut. Cas. Co. (1997),79 Ohio St.3d 401, paragraphs one and two of the syllabus, imply that in a wrongful death action, the employee is a party to the action within the meaning of former R.C. 4123.93. Specifically, the Ohio Supreme Count stated that "[w]hen a personal representative of a decedent brings a wrongful death action seeking to recover damages on behalf of the beneficiaries, the personal representative pursues the recovery the decedent is no longer capable of pursuing." Id. at paragraph one of the syllabus. Further, "[e]ven though the damages ultimately go to the beneficiaries, the proceeds are payable due to the fact that an `insured' party — the decedent — suffered a wrongful death." Id. at paragraph two of the syllabus. However, we do not find this analysis controlling in this case because the issue is not whether the action is being pursued on behalf of the deceased employee but whether the employee is a party to the action.
 At the outset, it should be noted that when a person is injured by the tortious conduct of another and the person later dies from the injury, two claims arise. The first is a claim for malpractice or personal injury, enforced either by the injured person herself or by her representative in a survival action. The second is a wrongful death claim, enforced by the decedent's personal representative on behalf of the decedent's beneficiaries.
 Thompson v. Wing (1994), 70 Ohio St.3d 176, 179. Hence, we must determine whether the legislature intended that the term "party" in R.C. 4123.93(D) to include the deceased through a representative. To make this determination we must adduce the meaning of the term "party" and then review the term in context. "Party" has acquired a technical meaning in legal proceedings:
 "Party" is a technical word having a precise meaning in legal parlance; it refers to those by or against whom a legal suit is brought, whether in law or in equity, the party plaintiff or defendant, whether in law or in equity, the party plaintiff or defendant, whether composed of one or more individuals and whether natural or legal persons; all others who may be affected by the suit, indirectly or consequently, are persons interested but not parties. Golatte v. Mathews, D.C.Ala., 394 F. Supp. 1203, 1207. (Format sic.)
Black's Law Dictionary (6 Ed.Rev. 1990) 1122. Hence, we conclude that although Mrs. Lute is Mr. Lute's representative and in privity with the decedent, Thompson, 70 Ohio St.3d at paragraph two of the syllabus, Mr. Lute, now deceased, is not a "party" to the action below within the meaning of R.C. 4123.93(D). Accordingly, we cannot conclude that the trial court erred in holding that U.S. Steel had no right to subrogation pursuant to R.C. 4123.93 because its employee, Mr. Lute, is not a party to the action involving the third-party tortfeasor. U.S. Steel's assignment of error is overruled.
U.S. Steel's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
 ___________________________ WILLIAM G. BATCHELDER
BAIRD, J., WHITMORE, J., CONCUR.
[1] These parties, although not appellants herein, include: Armstrong World Industries, ACandS, Inc., The Flintkote Company, GAF Corporation, Rock Wool Manufacturing Company, TN, Plc., A. P. Green Industries, Incorporated, United States Gypsum Company, Harbison Walker Refractories, Incorporated, M. H. Detrick Company, The Gage Company, United States Mineral Products Company, A.W. Chesterton Company, Anchor Packing Company, Kaiser Aluminum 
Chemical, Dresser Industries, Incorporated, Quigley Company, Incorporated, George V. Hamilton, Incorporated, Foseco, Incorporated, Oglebay Norton Company, Rapid-American Corporation, Pfizer, Incorporated, Asbestos Claims Management Corporation, W. R. Grace Company, and Owens-Corning Fiberglas Corporation.