SELLERS, Justice.
*296 Leigh A. Shelton, as the personal representative of the estate of Margaret D. Blansit, deceased, appeals from a judgment in favor of I.E. Green in a personal-injury action brought by Shelton seeking damages for injuries Blansit allegedly suffered in a slip-and-fall accident at Green's residence. We affirm.
In January 2015, Shelton, as the personal representative of Blansit's estate, sued Green. Shelton alleged that, before Blansit's death, Blansit suffered injuries when she fell at Green's residence. It is undisputed that, before Shelton filed her complaint, Blansit died of causes unrelated to the fall. Green filed a motion for a judgment on the pleadings, arguing that Blansit's cause of action abated upon her death. The trial court agreed and granted Green's motion. Shelton appealed.
"[O]riginally at common law ... actions for personal injury did not survive the death of the plaintiff." King v. National Spa & Pool Inst., Inc., 607 So.2d 1241, 1244 (Ala. 1992) (describing the Court's opinion in Ex parte Adams, 216 Ala. 241, 113 So. 235 (1927) ). See also McDowell v. Henderson Mining Co., 276 Ala. 202, 204, 160 So.2d 486, 488 (1963) ("Under the common law rule, followed in this State, 'no action could be maintained, by an executor or administrator, to recover damages for an injury, done either to the person or the property of his testator or intestate-the action died with the person-and this principle applied as well when the deceased was the aggressor, as when he was the party injured.' " (quoting Blakeney v. Blakeney, 6 Port. 109, 116 (Ala. 1837) )). In 1867, this Court stated:
"The common-law maxim is, that personal actions die with the person. But this maxim has been modified, both in England and in this State, by statutory enactments. Section 2157 of the Code [of 1852] is as follows: 'All actions on contracts, express or implied, all personal actions, except for injuries to the person or reputation, survive in favor of and against the personal representatives.' "
Garrison v. Burden, 40 Ala. 513, 515 (1867).[1] This Court discussed subsequent changes to the language of the statute addressing the survival of actions (sometimes hereinafter referred to as "the survival statute") in a 1910 opinion:
"Our statute on the subject [of the survival of actions] is as follows, Code [of 1907], § 2496: 'All actions on contracts, expressed or implied; all personal actions, except for injuries to the reputation, survive in favor of and against the personal representatives.'
"Prior to the adoption of the present Code, the words 'person' 'and' preceded the word 'reputation.' These words were stricken out of the statute by the code committee ...."
Wynn v. Tallapoosa Cty. Bank, 168 Ala. 469, 491-92, 53 So. 228, 237 (1910).
That an individual's "action" for injuries to the person survives his or her death, however, does not mean that unfiled "causes of action" survive the death of a potential plaintiff. "An 'action' is a proceeding pending in court to determine the parties' rights and liabilities with respect to a legal wrong or cause of action. A 'cause of action' is a legal wrong for which an 'action' may be, but has not been, *297 brought in court." McDowell, 276 Ala. at 204, 160 So.2d at 488. In Wynn, supra, this Court stated: "[O]ur statute as to the survival of 'actions' does not include 'causes of actions,' or 'rights of action.' " 168 Ala. at 491, 53 So. at 237. Likewise, in 1931, this Court said: "Our [survival] statutes ... do not deal with the survival of causes of actions, but with pending actions, and leave the question as to the survival of causes of actions to the established principles of the common law." Stoer v. Ocklawaha River Farms Co., 223 Ala. 690, 692, 138 So. 270, 271 (1931).
The Court in McDowell, supra, noted that a 1951 amendment to the survival statute expressly acknowledged that unfiled causes of action based on contract survive the death of the holder of the cause of action and provided further that unfiled personal causes of action survive the death of the tortfeasor. The amendment, however, did not change the rule that an unfiled cause of action based on personal injury does not survive the death of the holder of that cause of action:
"Section 150, Tit. 7, as amended, supra, provides as follows:
" 'All actions and causes of action on contract, express or implied, and all personal actions, except for injuries to the reputation, survive in favor of and against personal representatives; and all personal causes of action survive against the personal representative of a deceased tort feasor.'
"The significant changes wrought by the 1951 amendment are italicized. It is to be observed that this section still provides for survival of 'personal actions... in favor of and against personal representatives', and does not provide for survival of 'personal causes of action' in favor of personal representatives. It is provided that 'personal causes of action' survive only against a deceased tort feasor's personal representative."
276 Ala. at 205, 160 So.2d at 488-89.
The current version of the survival statute codified at § 6-5-462, Ala. Code 1975, provides:
"In all proceedings not of an equitable nature, all claims upon which an action has been filed and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed, except for injuries to the reputation, survive in favor of and against personal representatives; and all personal claims upon which no action has been filed survive against the personal representative of a deceased tort-feasor."
Like the prior versions of the survival statute, § 6-5-462"did not change the common-law rule in Alabama that a cause of action in tort does not survive in favor of the personal representative of the deceased." Continental Nat'l Indem. Co. v. Fields, 926 So.2d 1033, 1037 (Ala. 2005). Thus, "[t]he general rule is that under Ala. Code 1975, § 6-5-462, an unfiled tort claim does not survive the death of the person with the claim." Malcolm v. King, 686 So.2d 231, 236 (Ala. 1996).
Shelton concedes that, under the common-law rule, Blansit's unfiled tort claim would not survive Blansit's death and that § 6-5-462 does not alter the common-law rule. She argues, however, that the legislature's decision not to include unfiled tort claims within the operation of § 6-5-462 renders the statute unconstitutional. In support, Shelton points to Article 1, § 13, Alabama Constitution of 1901, which provides that "all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall *298 be administered without sale, denial, or delay."[2]
Because the statute at issue in this case does not abolish a common-law cause of action, we need not apply strict review under § 13. See Reed v. Brunson, 527 So.2d 102, 115-18 (Ala. 1988) (discussing the "common-law-rights approach" to reviewing legislation under § 13 ); Lankford v. Sullivan, Long & Hagerty, 416 So.2d 996, 1000 (Ala. 1982) ("Where common-law rights are altered or abolished, this Court will review such legislation more strictly than normal.").[3]
Shelton asserts that, even if strict review is not applicable, this Court should still hold § 6-5-462 unconstitutional because, she claims, the legislature acted arbitrarily and capriciously in providing that filed tort actions (other than for injuries to reputation) survive the plaintiff's death, while unfiled causes of action in tort do not survive the death of the holder of the cause of action. See generally Lankford, 416 So.2d at 1000 ("Where no common law right is affected, a judicial deference to the legislature is required; however, the legislation may not be arbitrary or capricious." (emphasis added)). But see Slagle v. Parker, 370 So.2d 947, 949 (Ala. 1979) (holding that the Alabama Constitution did not prohibit the legislature from granting immunity from wrongful-death actions to co-employees of a decedent, stating that, "[s]ince the right to bring an action for wrongful death is a product of the legislature, it can be modified, limited, or repealed as the legislature sees fit, except as to causes of action which have already accrued" (emphasis added)).
It has, however, been settled for some time that the legislature has the authority to decide which actions and causes of action survive. Indeed, more than 100 years ago, this Court stated: "Whether our statutes should or should not provide for the survival of causes as well as of actions, is one conclusively for the Legislature and not for the court." Wynn, 168 Ala. at 495, 53 So. at 238.[4] In Walker v. Hayes, 248 Ala. 492, 28 So.2d 413 (1946), a widow commenced a proceeding seeking to enforce her homestead rights and requesting that the probate court vest title to the homestead property in her. The widow, however, died before the probate court could enter a final decree making certain determinations required by statutes applicable to the claiming of homestead rights. This Court held that, pursuant to the relevant statutory law, those determinations were necessary before title to the property could vest in the widow and that her rights "were personal and did not survive her death." 248 Ala. at 495, 28 So.2d at 416. The personal representative of the widow's *299 estate argued that, pursuant to the survival statute in effect at the time, the widow's action survived her death. This Court, however, acknowledged that the legislature had "the right to make an exception to the [survival] statute." 248 Ala. at 496, 28 So.2d at 416. In other words, the legislature validly provided that, notwithstanding the survival statute, an action filed seeking the enforcement of homestead rights did not survive if the petitioner died before the entry of a final decree. If the legislature can make an exception to the survival statute for such an action, it can certainly decide what categories of actions or causes of action to include within the operation of the survival statute in the first place.
In McDowell, supra, the Court considered whether an unfiled cause of action seeking compensation for damages to a decedent's land survived the decedent's death. The survival statute at the time provided:
" 'All actions and causes of action on contract, express or implied, and all personal actions, except for injuries to the reputation, survive in favor of and against personal representatives; and all personal causes of action survive against the personal representative of a deceased tort feasor.' "
276 Ala. at 205, 160 So.2d at 488-89 (emphasis omitted). The Court applied the plain language of the statute and held that the cause of action did not survive. In doing so, the Court reiterated that, "[i]f there is a manifest injustice in not providing for the survival of causes of action, such as the one before us, that is a matter for remedy by the legislature and not this court." McDowell, 276 Ala. at 205, 160 So.2d at 489. See also Carroll v. Florala Mem'l Hosp., Inc., 288 Ala. 118, 120-21, 257 So.2d 837, 838 (1972), overruled on other grounds by King v. National Spa & Pool Inst., Inc., 607 So.2d 1241 (Ala. 1992) ("The effect of the [1951] amendment [to the survival statute] was considered in McDowell v. Henderson Mining Co., 276 Ala. 202, 160 So.2d 486 [ (1963) ], and this court again held that personal cause[s] of action did not survive in favor of personal representatives. And we further held that if a remedy was necessary it was a matter for the Legislature and not this court."). Thus, it is settled that it is the province of the legislature to choose which categories of causes of action and actions to include within the operation of the survival statute. Shelton has not demonstrated that the legislature's decision to alter the common law so as to provide for the survival of some actions and causes of action but not others violates § 13 of the Alabama Constitution.
Shelton also argues that the legislature's failure to include unfiled tort claims within the scope of § 6-5-462 violates the equal-protection and due-process guarantees of the Fourteenth Amendment to the United States Constitution. She points to authority standing for the proposition that legislation that infringes upon "fundamental rights" is subject to strict scrutiny, and she asserts that § 6-5-462 infringes upon such a fundamental right, which she describes as "access to courts" and "civil justice." Shelton argues in the alternative that, if strict scrutiny is not applicable, this Court should still hold § 6-5-462 unconstitutional because, she says, "no grounds can be conceived to justify" treating holders of unfiled tort claims differently. See generally Blevins v. Chapman, 47 So.3d 227, 231 (Ala. 2010) (indicating that legislation that affects similarly situated people differently, but does not burden a suspect class or infringe upon fundamental rights, must be upheld unless it creates classifications "based solely on *300 reasons totally unrelated to the pursuit of the State's goals and only if no grounds can be conceived to justify them").
First, it is questionable whether Shelton preserved these arguments in the trial court. In her response to Green's motion for a judgment on the pleadings, Shelton relied almost exclusively on § 13 of the Alabama Constitution and the "arbitrary and capricious" analysis embraced in Lankford, supra. Although she asserted that § 6-5-462 violates rights protected by the Fourteenth Amendment, she did not discuss the level of scrutiny to be applied pursuant to, or any authority construing or applying, the Fourteenth Amendment.
Second, Shelton does not point to any authority expressly holding that the Fourteenth Amendment (or any other constitutional provision) prohibits state legislatures from providing that filed tort claims survive the death of the plaintiff but unfiled tort claims do not. In fact, the United States Court of Appeals for the Eleventh Circuit suggested otherwise in Estate of Gilliam ex rel. Waldroup v. City of Prattville, 639 F.3d 1041 (11th Cir. 2011). Gilliam involved a civil-rights claim brought by the estate of a decedent, who allegedly had been subjected to excessive police force. The decedent died of unrelated causes before the action was filed, and the police-officer defendants argued that the cause of action had abated with the decedent's death. The Eleventh Circuit, holding that the excessive-force claim did not survive the decedent's death, concluded that " Ala. Code [1975,] § 6-5-462 [,] is not inconsistent with the Constitution and laws of the United States." 639 F.3d at 1043. Shelton has not attempted to distinguish Gilliam or to otherwise respond to Green's argument that Gilliam disposes of Shelton's Fourteenth Amendment arguments. The trial court's judgment in the present case is due to be affirmed.
AFFIRMED.
Stuart, C.J., and Parker, Wise, and Bryan, JJ., concur.

The provision for survival of actions generally is now found at § 6-5-462, Ala. Code 1975. See discussion, infra.

Shelton also points to Article 1, § 10, Alabama Constitution of 1901. She did not, however, rely on § 10 in the trial court. This Court will not consider grounds for reversal that were not argued below. Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala. 1992).

Although Shelton appears to argue in her brief to this Court that a common-law right has indeed been abolished by the legislature's failure to provide for the survival of unfiled tort claims, her argument is unconvincing. Moreover, she did not make that argument to the trial court.

The version of Wynn appearing in the Southern Reporter is similar but slightly different from the version appearing in the Alabama Reports . Specifically, the version appearing in the Southern Reporter states: "Whether our statutes should or should not provide for the survival of causes as well as of actions, is a question of policy which, as to statutes, is one exclusively for the Legislature and not for the court." 53 So. at 238. It appears that the phrase "is a question of policy which, as to statutes" was omitted from, and the word "exclusively" was changed to "conclusively" in, the version of Wynn published in the Alabama Reports .