164 So.2d 701

**Arthur H. BODIFORD**

**v.**

**Dave L. GANUS et al.**

**4 Div. 143.**

Supreme Court of Alabama.

April 16, 1964.

Rehearing Denied June 11, 1964.

Prestwood & Prestwood, Andalusia, for appellant.

W. H. Baldwin, Andalusia, for appellees.

COLEMAN, Justice.

This is an appeal by respondent from decree in a suit seeking to have the court declare that respondent holds title to land in trust for himself and complainants and to have the land sold for division of the proceeds among the parties.

Complainants are the uncle and sister of respondent. The sister and respondent are the daughter and son of a deceased sister, of the uncle, who will be sometimes referred to as the mother.

Complainants averred that, some years ago, the uncle and mother established a home together and understood between them that they would make a joint effort to work together and accumulate their possessions together, each owning one-half as tenants in common; that, in 1953, the uncle bought the land and paid the purchase price; that the land was purchased for the benefit of the uncle and mother; that title to the land was taken in the name of the respondent "as a matter of convenience to the parties, which was well known to the Respondent"; that the uncle and mother accumulated certain personal property which is located in the home on the land; that the mother died March 19, 1960; (the bill of complaint was filed April 20, 1960); that, at the time of her death, the mother and uncle owned the land "by virtue of a trust which arose from the facts herein above set forth"; that complainants and respondent are tenants in common in said land and personal property in the following undivided shares: the uncle one-half, the sister one-fourth, and respondent one-fourth; that said property cannot be equitably divided or partitioned without a sale.

In the original bill, complainants pray for sale of all said property. On May 4, 1962, the day of the taking of oral testimony, complainants filed amendment to the bill striking all prayer for relief which pertains to sale of the personal property.

Respondent filed a plea averring that on April 26, 1960, he had been appointed administrator of the mother's estate and that the administration was still pending. The court held the plea insufficient. This ruling is assigned as error.

Respondent demurred to the bill on the ground, among others, that the administrator of the mother's estate had not been made a party to the bill. The demurrer was overruled. This ruling is assigned as error.

511

Respondent filed answer denying the allegations of the bill and asserting that complainants are not entitled to relief until completion of administration of the mother's estate.

The uncle is Dave L. Ganus; the deceased mother was Mattie Bodiford; the sister of respondent is Agnes Carter; and the respondent, appellant, is Arthur H. Bodiford.

After the hearing, ore tenus, the court rendered decree which recites in part as follows:

"Upon a consideration of the pleadings and proof the Court is of the opinion that Mattie Bodiford, deceased, in no way contributed any monies toward the acquisition of the land made the subject matter of this suit and that said Mattie Bodiford, deceased, had no interest in said land and that her estate and her heirs have no interest in the land made the subject matter of this suit. The Court is further of the opinion that the acquisition of said land was made possible along with the acquisition of certain personal property, not here involved, by the parties to this suit, by virtue of two government checks; one to the complainant, Dave L. Ganus and the other through the respondent, Arthur H. Bodiford. It is further the opinion of the Court that the parties to this cause would be unable, on an accounting to prove from which of said government checks payments were made on the land that is the subject matter of this suit; and the Court finds that the complainant, Dave L. Ganus, and the respondent, Arthur H. Bodiford, each contributed monies toward the purchase price of the land made the subject matter of this suit and that the respondent, Arthur H. Bodiford, holds title to an undivided one-half interest in said land in his own right and that he holds title to an undivided one-half interest in said lands in trust for the complainant, Dave L. Ganus, and that said trust

should be terminated. The Court further finds that said land cannot be equitably divided and that the same should be sold and the proceeds divided equally between the complainant, Dave L. Ganus, and the respondent, Arthur H. Bodiford, after deducting the costs of this suit and a reasonable attorney's fee."

Respondent argues that the court erred in holding the plea in abatement insufficient and in overruling that ground of demurrer which takes the point that the personal representative of the mother has not been made a party.

This court has held that in a suit for partition by sale of land and division of proceeds, the personal representative of a deceased cotenant should have been made a party, or an administrator ad litem should be appointed by the court, in the absence of proof corresponding with the allegations of the bill to effect that there were no debts of the estate of the cotenant and that she died intestate.

". . . Such allegations should have been proved to enable the court to ascertain whether the lands descended to and vested in said descendants, freed from the necessity and burden of formal administration in a court having jurisdiction. (Citations Omitted.) The absence from the cause of a material party is such defect as this court will ex mero motu take notice of. (Citations Omitted). If there were debts of the estate of Susan Clift, it is not clear that when the bill was filed the same were barred; if not, the personal estate of the deceased may be affected by such debts, as well as by a judgment against her in this cause, and her personal estate should be represented in the litigation. (Citation Omitted.)" Winsett v. Winsett, 203 Ala. 373, 377, 83 So. 117, 121.

See also: Chandler v. Home Loan Company, 211 Ala. 80, 99 So. 723; Smith v. Smith, 216 Ala. 570, 114 So. 192.

■ As the demurrer points out, the personal representative of the mother is not made a party to the bill. There is no averment that she owed no debts. If she did owe debts, her administrator would be entitled to intercept the passage of her title to the lands and subject her interest in them to payment of her debts if the personalty be insufficient to pay her debts. § 244, Title 61, Code 1940.

■ We are of opinion that the personal representative of the mother was a necessary party and that the ground of demurrer taking the point of non-joinder should have been sustained. For the contrary ruling the decree must be reversed. Prout v. Hoge, 57 Ala. 28; Rollan v. Posey, 271 Ala. 640, 126 So.2d 464; Denson v. Foote, 273 Ala. 470, 142 So.2d 877.

Appellees argue that this is not a partition suit but a suit to impose a resulting trust. It is true that one aspect of the bill does seek to effectuate such a trust. We do not see, however, where this alters the situation in that appellees further pray for a sale for division of the proceeds among the joint owners. In either case, the personal representative of the mother would have the same right to intercept the mother's interest in the land, or proceeds thereof, for payment of the mother's debts, and the same reason for making the mother's personal representative a party is present just as it would be present if there had been no alleged trust.

The second proposition argued by appellant is in support of Assignments 3, 4, 5, and 6. Assignment 4 recites as follows:

"4. The Court erred in rendering a decree which is not supported by the evidence."

" . . . We are of opinion that Assignment 1 is an assignment to the effect that the evidence is insufficient to sustain the verdict or finding, in fact or law, and requires appellants to set out a condensed recital of the testimony of each witness as required by

Rule 9." Case v. Ward, 276 Ala. 242, 160 So.2d 859, 862.

See also: Case v. O'Shields, 30 Ala.App. 254, 4 So.2d 202; Lamar Life Ins. Co. v. Kemp, 30 Ala.App. 138, 1 So.2d 760; Limbaugh v. Comer, 265 Ala. 202, 90 So.2d 246.

■ For two reasons, we will pretermit consideration of the sufficiency of the evidence to support the decree, to wit: First, because, as appellees point out, appellant has not complied with Rule 9; and, second, because additional evidence may be submitted after the personal representative of the mother has been made a party.

For the error in overruling the demurrer on the ground of non-joinder of a necessary party, the decree is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and HARWOOD, JJ., concur.