The plaintiffs, Mary Green Loving, Charles Wilson, John Wilson, and Carl Wilson, *Page 69 
filed this action against the defendants, Joseph Wilson, Booker Wilson, and James Wilson, seeking a sale of certain property located in Jefferson County and a division of the proceeds. The trial court dismissed the action on a motion by the defendants for the failure of the plaintiffs to join "indispensable" parties to the litigation. The plaintiffs appeal from this dismissal.[1]
The complaint alleged that the plaintiffs and defendants held the property as tenants in common, with each person owning an undivided one-seventh (1/7) interest. The defendants' answer, on the other hand, alleged that the interest owned by each person was of a different proportion than that stated by the plaintiffs. The defendants contend that the property has been jointly owned by Mary Wilson, the mother of the plaintiffs and the defendants, and Robert Wilson, a brother. Mary Wilson died several years prior to the commencement of this action and left as her heirs the plaintiffs and the defendants. Robert Wilson died several months prior to the commencement of this action and his will designated Booker, Carl, James, and Joseph Wilson as his devisees. Thus, the defendants contend that after Robert Wilson's death the property was owned by the plaintiffs and the defendants in the following proportions:
 Mary Green Loving — 1/16 Charles Wilson — 1/16 John Wilson — 1/16 Carl Wilson — 13/64 Booker Wilson — 13/65 James Wilson — 13/64 Joseph Wilson — 13/64
Robert Wilson's "Last Will and Testament" was offered for probate on June 24, 1981. After letters testamentary were issued to Joseph Wilson as executor of the estate, Carl Wilson filed a will contest. Subsequently, Joseph Wilson was allowed to withdraw as executor of the estate and the will contest was removed to the Jefferson County Circuit Court. It appears that, as of the date this appeal was taken, Robert Wilson's will had not been probated, nor had a new executor of his estate been appointed.
After this action was commenced, two of the defendants, Booker and James Wilson, died. The plaintiffs amended their complaint to add the heirs of Booker Wilson as defendants. The plaintiffs also filed a motion to have the court appoint an administrator ad litem, pursuant to Code 1975, § 43-2-250, for the estate of Robert, the estate of Booker, and for the estate of James Wilson. The court appointed an administrator ad litem for the estate of Booker Wilson, but declined to appoint one for the estates of Robert and James Wilson. On motion of the defendants, the court then dismissed the action on the grounds that the plaintiffs had failed to name "all proper and necessary parties," i.e., the administrators of the estates of Robert and James Wilson.
The issue presented is whether the trial court erred in failing to appoint an administrator ad litem for the estates of Robert and James Wilson, which failure led to the court's dismissal of the action. Code 1975, § 43-2-250, governs the appointment of an administrator ad litem in any proceeding. that statute provides the following:
 "When, in any proceeding in any court, the estate of a deceased person must be represented, and there is no executor or administrator of such estate, or he is interested adversely thereto, it shall be the duty of the court to appoint an administrator ad litem of such estate for the particular proceeding, without bond, whenever the facts rendering such appointment necessary shall appear in the record of such case or shall be made known to the court by the affidavit of any person interested therein." (Emphasis added.)
In Ex parte Riley, 247 Ala. 242, 250, 23 So.2d 592, 599 (1945), this Court made the *Page 70 
following statement as to when an administrator ad litem should be appointed:
 "Under the statute three things must concur to justify the appointment: (1) The estate of the deceased person `must be represented,' which means that the interests of the estate require representation. (2) `There is no executor or administrator of such estate, or he is interested adversely thereto.' (3) `The facts rendering such appointment necessary shall appear in the record of such case, or shall be made known to the court by the affidavit of any person interested therein.'"
In this case, each of the three elements stated in Riley are present.
First, in a suit involving a sale for division, this Court has held that the personal representative of a deceased cotenant should be made a party to the suit, or, if there is not a personal representative, then the trial court should appoint an administrator ad litem. See, Bodiford v. Ganus,276 Ala. 510, 512, 164 So.2d 701, 703 (1964); Winsett v. Winsett,203 Ala. 373, 377, 83 So. 117, 121 (1919). Requiring the appointment of an administrator ad litem for the estate of a deceased cotenant indicates that "the interests of the estate require representation." Riley, supra.
The second and third parts of the Riley test are established by the following information derived from the record: Both the plaintiffs and the defendants agree that there is no executor or administrator of either Robert Wilson's estate or James Wilson's estate. The plaintiffs, on two separate occasions, filed a motion requesting the court to appoint an administrator ad litem for each estate in order that they might be represented in the action. The plaintiff's complaint affirmatively showed that this was a suit involving a sale for division among cotenants. The answer filed by the defendants disclosed that these estates were currently the subjects of will contests, which had prevented the wills from being probated. Since all of the elements necessary to require an appointment of an administrator ad litem are present, it was error for the trial court not to appoint one for each of the estates.
The defendants contend that there was no error in the trial court's not appointing an administrator ad litem for each estate, and subsequently in its dismissing the case, since the plaintiffs failed to join all of the necessary and proper parties to the suit. The defendants contend that, since James Wilson's will devised all of his property to his niece and nephew, they were "indispensable" parties to the action and, because they were not joined by the plaintiffs, the action was due to be dismissed.
In ruling on the defendant's motion to dismiss, the trial court specifically stated that the personal representatives of the estates of Robert and James Wilson were "indispensable" parties under Rule 19, A.R.Civ.P. The court further ruled that since they had not been joined as parties the action should be dismissed. As discussed previously, the court was in error for failing to appoint administrators ad litem for the two estates. The appointment of administrators ad litem by the court would have joined the two estates as parties to the action. See, Code 1975, § 43-2-250.
The court, on the other hand, did not make any ruling as to whether the heirs under James Wilson's will were "[p]ersons to be joined if feasible." Rule 19, A.R.Civ.P. Under this state of the record, we think it appropriate to remand this case to the trial court in order for a determination to be made as to whether James Wilson's heirs should properly be joined as parties. The statement made by this Court in Ross v. Luton,456 So.2d 249 (Ala. 1984), should provide the court with some guidance in making this determination:
 "The provisions of Rule 19 provide a two step process. Note, Rule 19 in Alabama, 33 Ala. L.Rev. 439, 446 (1982). `First, a court must determine whether the absentee is a person who should be joined if feasible under Rule 19 (a).' Note, supra. If the court determines that the absentee is a person who should *Page 71 
be joined under Rule 19 (a), `[r]ule 19 (b) sets forth four factors to consider in determining whether an action should proceed in the absence of such a person.' Mead Corp. v. City of Birmingham, 350 So.2d 419, 421 (Ala. 1977); Note, supra."
Ross, 456 So.2d at 256.
For the foregoing reasons, the judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
MADDOX, ALMON, BEATTY and HOUSTON, JJ., concur.
[1] After this suit was filed, the attorney for the plaintiffs was allowed to join the litigation as an intervenor, and he is also a party to this appeal.