This is an appeal from an interlocutory order (see Rule 5, Ala.R.App.P.) holding that Harvey Franklin Martin's action against Terrill W. Sanders, as administrator of the estate of Kenneth Wayne Elkins, is not barred by the statute of limitations.
On April 21, 1989, Harvey Franklin Martin was injured when the vehicle he was driving was involved in an automobile accident with a vehicle driven by Kenneth Wayne Elkins. On April 19, 1991, Martin sued, naming Kenneth Wayne Elkins as a defendant and alleging that Martin's injuries were caused by wantonness or negligence on the part of Elkins. Martin also named as a defendant Elkins's father, Frank Elkins, alleging negligent and wanton entrustment of a motor vehicle. Frank Elkins filed a motion for summary judgment in June 1991, and his motion was granted in August 1991. That summary judgment is not involved in this appeal. Kenneth Wayne Elkins had died on March 5, 1991, more than a month before Martin filed his complaint, from injuries not related to the accident that is the subject of this appeal.
Although a motion to quash service of process and to dismiss the complaint was filed with the trial court in May 1991, stating that Elkins had died in March, Martin made no attempt to amend his complaint to name Elkins's estate as a defendant until February 28, 1992, two years and 10 months after the accident and 9 months after Martin had learned of Elkins's death. Terrill Sanders, *Page 243 
the county administrator of Jefferson County, was appointed administrator of Elkins's estate on February 12, 1992. In April 1992, Sanders filed a motion to dismiss the amended complaint; the trial court treated that motion as a motion for summary judgment. The trial court entered an order denying the motion and allowing the amendment. We permitted this appeal from that interlocutory order. We reverse and remand.
The administrator contends that the complaint filed against Kenneth Elkins was void because Elkins had died before it was filed. The administrator further argues that, because the complaint did not commence an action against Elkins, any amendment to the complaint, filed after the running of the period permitted by the statute of limitations, would not relate back to the original filing of the complaint. Martin, on the other hand, argues that, because a complaint was filed against both Elkins and his father, there was a case pending and the amendment should relate back to the date of the filing of the original complaint, under Rule 15(c), Ala.R.Civ.P. Rule 15(c) states:
 "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading except as may be otherwise provided in Rule 13(c). An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."
Under the facts of this case, there can be no relation back, because the administrator of Elkins's estate, Terrill Sanders, was not appointed until after the statutory limitations period had run and, therefore, could not have had knowledge of Martin's complaint until after the limitations period had run.
In Golatte v. Mathews, 394 F. Supp. 1203 (M.D.Ala. 1975), the following fact situation was before the Federal district court:
 "The facts of the case are that the Plaintiff filed a complaint in State Court on July 26, 1975, in a typical negligence suit, demanding of the Defendant, Jack T. Mathews, damages of $25,000.00. However, the Defendant, Jack T. Mathews, had died on June 15, 1974. On February 4, 1975, the Plaintiff filed a motion in State Court asking that his suit against Jack T. Mathews be revived against Sue Wilson Mathews, as Executrix of the Estate of Jack T. Mathews. . . .
". . . .
 "II. Defendant's motion to quash revival and in the alternative motion to dismiss. In the case before the Court, the Plaintiff asked the State Court to revive the suit the Plaintiff had originally filed against Jack T. Mathews in the name of Sue Wilson Mathews, as Executrix of the Estate of Jack T. Mathews. The State Court granted the Plaintiff's request. The significant fact is that the original Defendant, Jack T. Mathews, had died before the Plaintiff ever filed his complaint against Jack T. Mathews. Arguably, there was never a valid pending suit against Jack T. Mathews as he was not living when it was filed. Thus, the question for decision is may lawsuits in Alabama be revived against the legal representatives of deceased tortfeasors who have died before the original complaint against them was filed?
 "The Defendant in her motion to quash the revival of the suit is asking this Court, in effect, to review the order of the Alabama Circuit Court which granted the Plaintiff's motion to revive the suit. . . .
 "The Code of Alabama [of 1940], Title 7, § 153, provides in part:
 " 'No action abates by the death or other disability of the plaintiff or defendant, if the cause of action survive or continue; but the same must, on motion, within twelve months thereafter, be revived in the name of or against the legal representative *Page 244 
of the deceased. * * *.' (emphasis added)
 This section was superseded by Rule 25 of the Alabama Rules of Civil Procedure, which states in pertinent part:
 " 'If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. * * *.' (emphasis added)
 The nature of both of these statutes is to function as a statute of limitations to bar the right to revive if it is not exercised in the mode and within the time prescribed. See Smith v. Woodall, 276 Ala. 666, 166 So.2d 395 (1964); see the annotations to the 1973 Cumulative Supplement of the Code of Alabama [1940], Title 7, § 153. The purpose of the new Rule 25 is to change the mode and time constraint within which to exercise this right, which change is not relevant to the discussion here. [Footnote omitted.] (See Committee Comments to Rule 25 of the Final Draft Proposed Alabama Rules of Civil Procedure, 1972.) In spite of this difference between the two statutes, the circumstances under which rights attach under them as to this case are the same. [Footnote omitted.] This last observation is crucial for this case.
 "The Alabama Supreme Court draws a distinction between 'actions' and 'causes of actions' when it analyzes statutes which deal with the abatement, survival and revival of actions, such as the Code of Alabama [1940], Title 7, § 153, and Rule 25, Alabama Rules of Civil Procedure. [Footnote omitted.] In McDowell v. Henderson Mining Co., 276 Ala. 202, 160 So.2d 486 (1963), the Alabama Supreme Court expressed this distinction as follows:
 " 'An "action" is a proceeding pending in court to determine the parties' rights and liabilities with respect to a legal wrong or cause of action. A "cause of action" is a legal wrong for which an "action" may be, but has not been, brought in court.' [276 Ala. at 204], 160 So.2d 486, 488.
 See also Carroll v. Florala Memorial Hospital, 288 Ala. 118, 257 So.2d 837 (1972). Applying this distinction to the statutes set forth above, special attention must be placed on the word 'action' [emphasized] in the above quotation of the Code of Alabama [1940], Title 7, § 153, and the word 'party' [emphasized] in the above quotation of Rule 25, Alabama Rules of Civil Procedure. Reading the . . . word 'action' in Title 7, § 153 as meaning a pending proceeding, that section can only be interpreted to allow the revival of lawsuits which are, in fact, pending or on-going when the alleged tortfeasor in question dies. The test of whether a suit is pending or not is whether or not a complaint in the suit has been filed against any defendant or defendants (Rules 3, 4(a), Alabama Rules of Civil Procedure) [Footnote omitted.] When Jack T. Mathews died, no complaint had been filed against him by the purported Plaintiff in this suit. No action was pending. Consequently, under the Code of Alabama [1940], Title 7, § 153, no action against Jack T. Mathews can be revived by the Plaintiff in this suit since no action . . . existed between the Plaintiff and Jack T. Mathews at the time the latter died. See Shirley v. Shirley, 261 Ala. 100, 73 So.2d 77 (1954). Since the word 'party' in the context of discussing legal claims refers to a pre-existing lawsuit [footnote omitted], the use of the word 'party' set forth above in the new Rule 25, Alabama Rules of Civil Procedure, evidences a purpose to continue in the practice of allowing the revival of lawsuits only when the alleged tortfeasor dies after an 'action', or pending proceeding, has already been instituted against him. Therefore, the Defendant's motion to quash revival of the Plaintiff's lawsuit should be granted."
394 F. Supp. at 1203, 1205-07. We agree with the Federal district court's interpretation of Alabama law. Rule 25 states: "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." Clearly this rule is applicable only where an action is pending, i.e., where a complaint has been filed. Frank Elkins was dead when the complaint was filed against him. Therefore, the procedure for substitution of parties under Rule 25 is not applicable. *Page 245 
The administrator also contends that this case falls within the purview of § 6-2-14, Ala. Code 1975, for purposes of determining whether the statutory limitations period was tolled to allow a cause of action to be filed against Elkins's estate.
Section 6-2-14 states:
 "The time between the death of a person and the grant of letters testamentary or of administration, not exceeding six months, is not to be taken as any part of the time limited for the commencement of actions by or against his executors or administrators."
By this Code section, the running of the limitations period is tolled for a period of up to, but not exceeding six months, in order to allow a plaintiff to sue the estate of a deceased defendant.
Martin made no attempt to sue Elkins's estate until 2 years and 10 months after the accident. Given the wording of §6-2-14, we must conclude that Martin failed to file his claim against the estate within the period permitted by the statute of limitations. Martin claims that two things kept him from filing his amendment within the time allowed. He first claims that there was no ruling on the motion to quash service on Kenneth Elkins. We note that Martin did not have to wait on a ruling on that motion to file an amendment to the complaint. Martin next claims that no administrator had yet been appointed. We note that Martin could have requested the court to appoint an administrator of the estate. Although apparently this was eventually done, it was not done within the time allowed by the statute.
For the foregoing reasons, the judgment is reversed and the cause is remanded with directions for the trial court to enter a judgment in favor of Terrill Sanders, as administrator of the estate of Kenneth Elkins.
REVERSED AND REMANDED.
MADDOX, SHORES, HOUSTON, KENNEDY, and INGRAM, JJ., concur.
BUTTS, J., dissents.