STUART, Justice.
The appellant Troy Nelson appeals the circuit court’s summary judgment entered in favor of the estate of Burton J. Frederick and the court’s failure to appoint an administrator ad litem for Frederick’s estate. The court entered a summary judgment for Frederick’s estate on the ground that when the limitations period on Nelson’s cause of action expired, which the trial court held was six months after Frederick’s death, no valid action was pending. Nelson asserts that the circuit court erred in entering the summary judgment because, he argues, a valid action was filed before the statute of limitations ran; he further asserts that the court erred in failing to appoint an administrator ad li-tem. We agree.

Facts

Nelson and Frederick were involved in an automobile accident on March 1, 2000. On March 13, 2001, Frederick died from causes unrelated to the accident. On March 1, 2002, Nelson sued Frederick, seeking damages for personal injuries arising out of the accident. An answer was filed on behalf of Frederick on March 29, 2002, denying the essential allegations of the complaint and asserting numerous defenses, including that Nelson’s complaint failed to state a claim upon which relief could be granted and that the complaint was filed more than six months after Frederick’s death, which the estate argued was beyond the statutory limitations period.
On April 19, 2002, Frederick’s estate filed a motion to dismiss the action, based upon Frederick’s death on March 13, 2001. The motion to dismiss asserted that because Frederick had died approximately a year before the action was filed Nelson did not have a valid claim before the court. On May 14, 2002, Nelson’s workers’ compensation carrier filed a motion to intervene because, as Nelson’s workers’ compensation carrier, it had paid medical benefits to Nelson. The trial court granted the motion.
Nelson responded to the motion to dismiss on June 17, 2002, and requested leave of court to amend his complaint to name the administrator of Frederick’s estate as the defendant or, if there was no administrator, requested the court to appoint an administrator ad litem. Oral argument on the motion to dismiss was held on June 18, 2002. On the same day the court issued an order treating the motion to dismiss as a motion for a summary judgment because it presented matters outside of the pleadings, specifically Frederick’s death certificate. The court found that because Frederick had died before Nelson filed his action no valid action was pending at the time the statutory limitations period expired. The court entered a *1046 summary judgment in favor of Frederick’s estate.
Nelson appealed to this Court on August 12, 2002, and on August 22, 2002, petitioned the probate court to appoint an administrator for Frederick’s estate. On August 29, 2002, the circuit court appointed an administrator ad litem, based upon a motion filed by Nelson’s workers’ compensation carrier, and found that the carrier had a valid claim against Frederick’s estate. On September 11, 2002, because all claims had not been adjudicated below, we remanded the case for the circuit court either to certify its judgment as final in accordance with Rule 54(b), Ala.R.Civ.P., or to take no action, in which event the appeal would be dismissed.
On September 13, 2002, the court revised its June 18, 2002, summary-judgment order and certified it as final pursuant to Rule 54(b). This ruling disposed of all issues between Nelson and Frederick’s estate. However, the workers’ compensation carrier’s claim remained and the proceedings on that claim were stayed pending the outcome of Nelson’s appeal to this Court. On September 18, 2002, the court amended its August 29, 2002, order, again finding that the carrier had a valid claim against Frederick’s estate and appointing an administrator ad litem to represent Frederick’s interest.

Standard of Review

This Court reviews a summary judgment de novo. Walker v. City of Montgomery, 833 So.2d 40 (Ala.2002). We review the same evidence the trial court considered in determining whether there is a genuine issue of material fact and whether the movant is entitled to a judgment as a matter of law. Id. Rule 56, Ala.R.Civ.P. We must also review the evidence in the light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Walker, 833 So.2d at 43; Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala.1993); Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990); see also Winston County School Bd. v. Haleyville City School Bd., 738 So.2d 886, 889 (Ala.1999).
The movant has the burden of showing material facts that entitle it to a judgment as a matter of law. Pryor v. Brown & Root USA, Inc., 674 So.2d 45, 47 (Ala.1996). Once the movant meets that burden, the burden shifts to the nonmov-ant to present substantial evidence creating a genuine issue of material fact. Id. “ ‘Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Lee v. Burdette, 715 So.2d 804, 806 (Ala.Civ.App.1998) (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)).

Issues and Analysis

Nelson raises two main issues. The first issue is whether the circuit court erred in entering the summary judgment in favor of Frederick’s estate. This broad issue encompasses two subissues — whether the court erred in finding that there was no valid pending action at the time the statutory limitations period expired because Frederick had died before Nelson filed his claim and whether the court erred in converting Frederick’s motion to dismiss into a motion for a summary judgment. The second main issue raised by Nelson is whether the circuit court erred in failing to appoint an administrator for Frederick’s estate.
We conclude that Nelson’s claim was valid when it was filed and that the statutory limitations period on Nelson’s cause of action did not expire until September 1, *1047 2002. We also conclude that the circuit court erred in failing to appoint an administrator ad litem upon Nelson’s request in his opposition to the defendant’s motion to dismiss. Therefore, the circuit court erred in entering a summary judgment in favor of Frederick’s estate.
1. Whether there was a valid action pending on the date the statute of limitations expired, thus justifying summary judgment against Nelson.
The statute of limitations for personal-injury actions is two years. § 6-2-38(Z), Ala.Code 1975. A cause of action accrues when a party suffers an injury or loss or damage entitling him or her to maintain an action. Jones v. Blanton, 644 So.2d 882, 887 (Ala.1994). Personal-injury claims upon which no action has been filed survive against the personal representative of a deceased tortfeasor, so long as the claim is not of an equitable nature. § 6-5-462, Ala.Code 1975; Standard Accident Ins. Co. v. Whitset, 270 Ala. 334, 118 So.2d 922, 923 (1960).
When a tortfeasor dies, the time between his death and the granting of letters of administration, not to exceed six months, is not to be used in computing the statutory period of limitations by or against the executor or administrator. § 6-2-14, Ala.Code 1975. We have interpreted this Code section to mean that the running of the limitations period is tolled for a period up to, but not exceeding, six months. Sanders v. Martin, 662 So.2d 241, 245 (Ala.1995); Jones v. Blanton, 644 So.2d 882, 887 (Ala.1994); Edwards v. Vanzant, 492 So.2d 990, 992 (Ala.1986); Allen v. Elliott, 67 Ala. 432 (Ala.1880).
Nelson’s cause of action accrued on March 1, 2000, the date of the accident. Without considering the tolling period activated by Federick’s death, the statutory limitations period for Nelson’s personal-injury action would have expired on March 1, 2002. In entering the summary judgment, the circuit court concluded that when Frederick died on March 13, 2001, Nelson’s claim ceased to exist. However, this holding was incorrect; personal-injury claims survive against the personal representative of a deceased tortfeasor, even when no action has yet been filed. § 6-5-462, Ala.Code 1975. Therefore, Nelson’s claim was valid as against Frederick’s estate on the date it was filed — March 1, 2002.
Moreover, § 6-2-14, Ala.Code 1975, tolls the statute of limitations on an action for up to six months “between the death of a person and the grant of letters testamentary or of administration.” We do not interpret this Code section to mean, as Frederick’s estate urges, that Nelson had six months after Frederick’s death — or until September 13, 2000 — within which to file the action. We interpret this statute to mean precisely what it says, that the statute of limitations is tolled during the period between the death of the tortfeasor and the appointment of an administrator, but that that tolling period is not to exceed six months. See Allen v. Elliott, supra (detailed computation of the statutory limitations period under the predecessor statute to § 6-2-14, Ala.Code 1975).
When § 6-5-462 and § 6-2-14, Ala. Code 1975, are read together, it is evident that when a person dies the claim against the personal representative of the decedent survives, and the statute of limitations is tolled for up to six months to allow the representative to sue or be sued in the decedent’s name. Consequently, Nelson had until September 1, 2002, to file his claim against Frederick’s personal representative. Thus, the circuit court prematurely entered the summary judgment on June 18, 2002.
Frederick’s estate asserts that because Frederick was dead when Nelson filed his *1048 action against Frederick, Nelson did not have a valid claim. Frederick’s estate bases this assertion upon this Court’s ruling in Sanders v. Martin, 662 So.2d 241 (Ala.1995). Frederick’s estate, however, has misinterpreted the holding of Sanders. In Sanders, the plaintiff sued two defendants, only one of whom had died before the claim was filed. 662 So.2d at 242. We held that Sanders’s amended complaint, adding the administrator of the deceased party, did not relate back to the date of the original filing. 662 So.2d at 245. The difference between Sanders and this case is that Sanders’s amended complaint was filed four months after the limitations period had expired. Even with the tolling of the limitations period pursuant to § 6-2-14, Sanders’s amended claim was barred because it was filed 2 years and 10 months after the action accrued.
Thus Sanders stands for the proposition that under § 6-2-14, Ala.Code 1975, an amended complaint naming as a defendant the administrator of a decedent’s estate filed after the limitations period — including the six months allowed by § 6-5-462 and § 6-2-14 — has run does not relate back. Therefore, Nelson had until September 1, 2002, at the latest, depending upon when the letters of administration were issued, to amend his complaint to name the administrator of Frederick’s estate as the defendant.
We conclude that because Nelson’s claim was valid when it was originally filed and up to six months thereafter as against Frederick’s personal representative, the circuit court erred in prematurely entering a summary judgment for Frederick’s estate.
2. Whether the circuit court erred in failing to appoint an administrator ad litem as Nelson requested.
In any proceeding in any court, where the estate of a decedent must be represented and there is no executor or administrator of the estate, and the facts render such a person necessary and it is made known to the court by the affidavit of an interested party, it is the duty of the court to appoint an administrator ad litem of the estate for the particular proceeding. § 43-2-250, Ala.Code 1975. This statute allows both probate courts and circuit courts to appoint an administrator ad litem if facts requiring the appointment of one are established. Franks v. Norfolk Southern By., 679 So.2d 214, 218 (Ala.1996).
On June 17, 2002, Nelson requested, in his opposition to the motion to dismiss filed by Frederick’s estate, that the court allow him leave to amend his complaint to name the administrator of Frederick’s estate, if one existed, or that the court appoint an administrator of the estate, if one had not been appointed. The circuit court had the authority and a duty under § 43-2-250, Ala.Code 1975, upon learning of Frederick’s death through the motion to dismiss, to appoint an administrator for Frederick’s estate if one had not already been appointed. Therefore, the court erred by not appointing an administrator ad litem as Nelson requested.
In addition to his June 17, 2002, request to the circuit court that an administrator ad litem be appointed, Nelson also petitioned the probate court on August 22, 2002, to appoint an administrator for Frederick’s estate. Consequently, Nelson twice requested that an administrator be appointed to represent Frederick’s estate before the limitations period expired on September 1, 2002.
We conclude that the circuit court erred in failing to appoint an administrator ad litem for Frederick’s estate upon Nelson’s June 17, 2002, request, as required by § 43-2-250, Ala.Code 1975. Nelson was *1049 entitled to have an administrator ad litem appointed, if one did not already exist, and to have the opportunity to amend his complaint before the limitations period ran.
Nelson’s claim survived Frederick’s death and the running of the limitations period was tolled during the period between Frederick’s death and the granting of letters of administration, up to six months. Therefore, Nelson had until September 1, 2002, to amend his complaint and name as a party the administrator of Frederick’s estate. The circuit court’s failure to appoint an administrator ad litem and its premature summary judgment in favor of Frederick’s estate is reversible error.

Conclusion

For these reasons we reverse the summary judgment in favor of Frederick’s estate and remand the case for further proceedings consistent with this opinion.
REVERSED and REMANDED.
MOORE, C.J., and SEE, BROWN, and HARWOOD, JJ., concur.