BRYAN, Judge.
This action arises from a three-car automobile accident occurring on September 27, 2005, involving Lindsey Mitchell, Fred Webb, and Crystal Fields Day. In May 2007, Webb died from causes unrelated to the automobile accident. On September 21, 2007, Mitchell filed a complaint against Webb and Day, alleging claims of “negligence and/or wantonness.” When Mitchell attempted to have Webb served, the summons and complaint were returned with a notification that Webb was deceased. Although Webb died before Mitchell filed her complaint, Mitchell’s claims survived against Webb’s personal representative. See Nelson v. Estate of Frederick, 855 So.2d 1043, 1047 (Ala.2003) (“Personal-injury claims upon which no action has been filed survive against the personal representative of a deceased tortfeasor, so long as the claim is not of an equitable nature. § 6-5-462, Ala.Code 1975.”). On April 13, 2009, more than a year and a half after filing the complaint, Mitchell filed a motion in the trial court to appoint an administrator ad litem for Webb’s estate “to serve as the personal representative” of Webb’s estate “for purposes of this lawsuit.” On October 19, 2009, the trial court appointed John Brent Thornley as the administrator ad litem of Webb’s estate.
Thornley, as the administrator ad litem of Webb’s estate, moved for a summary judgment, asserting, among other things, that Mitchell’s action is barred by the applicable statute of limitations. Mitchell filed a response to Thornley’s summary-judgment motion, asserting that her action is not time-barred. On March 8, 2011, the trial court entered a summary judgment in Thornley’s favor, concluding that Mitchell’s *558 claims are time-barred. The trial court appears to have applied a two-year limitations period to both the negligence claim and the wantonness claim.
Mitchell appealed to the supreme court, and the supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975. Because Mitchell’s claims against Day remained pending in the trial court and the trial court had not certified the summary judgment as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., the summary judgment was not a final, appealable judgment. See Edmonds Indus. Coatings, Inc. v. Lolley, 863 So.2d 1121, 1122 (Ala.Civ.App.2003) (stating that an appeal ordinarily lies only from a final judgment and that a judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided). Thus, we reinvested the trial court with jurisdiction for 14 days for that court either to certify the summary judgment as a final judgment under Rule 54(b) or to adjudicate the claims against Day. The trial court subsequently certified the summary judgment as a final judgment under Rule 54(b). This appeal does not concern the claims against Day.
“Summary judgment is appropriate only when ‘there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.’ Rule 56(c)(3), Ala. R. Civ. P., and Dobbs v. Shelby County Econ. & Indus. Dev. Auth, 749 So.2d 425 (Ala.1999).... In reviewing a summary judgment, an appellate court, de novo, applies the same standard as the trial court. Dobbs, supra.”
Bruce v. Cole, 854 So.2d 47, 54 (Ala.2003).
Initially, we address whether Thornley, the administrator ad litem of Webb’s estate, was actually made a defendant in this case. As noted, Webb, the alleged tortfea-sor, died before Mitchell commenced this action. Any personal-injury claims that Mitchell may have had against Webb survived against Webb’s personal representative. Mitchell moved the trial court to appoint an administrator ad litem to serve as the personal representative in this case, and the trial court appointed Thornley in that capacity. However, Mitchell never amended her complaint to add Thornley, the proper party in interest, as a defendant.
Thornley argues that Mitchell was required to amend her complaint to add Thornley as a defendant after the trial court appointed him as administrator ad litem. Thornley contends that Webb remains the nominal defendant. Thus, Thornley contends, with respect to Mitchell’s claims concerning Webb, there is no proper defendant in this case. Conversely, Mitchell argues that, when the trial court appointed Thornley as administrator ad litem, he was automatically made a defendant in this case. Thus, Mitchell contends, she was not required to amend her complaint to add Thornley as a defendant.
Thornley was appointed administrator ad litem pursuant to § 43-2-250, Ala.Code 1975, which provides:
“When, in any proceeding in any court, the estate of a deceased person must be represented, and there is no executor or administrator of such estate, or he is interested adversely thereto, it shall be the duty of the court to appoint an administrator ad litem of such estate for the particular proceeding, without bond, whenever the facts rendering such appointment necessary shall appear in the record of such case or shall be made known to the court by the affidavit of any person interested therein.”
No Alabama case appears to have squarely addressed whether the appoint *559 ment of an administrator ad litem automatically makes that person a party or whether the complaint must be amended to add the administrator ad litem as a party. However, Loving v. Wilson, 494 So.2d 68 (Ala.1986), is informative on this issue. In Loving, the plaintiffs filed a complaint seeking a sale of property and a division of the proceeds. During the proceedings, the plaintiffs unsuccessfully moved the trial court to appoint an administrator ad litem for the estates of James Wilson, one of the named defendants, and Robert Wilson, who had allegedly devised in his will a part of the property to be sold. 494 So.2d at 69. The supreme court concluded that the trial court erred by failing to appoint an administrator ad litem for the two estates. 494 So.2d at 70. Citing § 43-2-250, the court in Loving also observed that “[t]he appointment of administrators ad litem by the court would have joined the two estates as parties to the action.” Id. Thus, Loving indicates that a trial court’s appointing an administrator ad litem under § 43-2-250 automatically makes the administrator ad litem a party.
This conclusion is supported by the text of § 43-2-250, which requires a trial court to appoint an administrator ad litem if the estate of a deceased person must be represented in “the particular proceeding.” Because the trial court must appoint an administrator ad litem for certain proceedings, it would seem unnecessary to also require the filing of an amendment to the complaint to add the administrator ad li-tem as a party in such proceedings. Requiring such an amendment would essentially make the trial court’s appointment ineffective until an amendment is made. When the trial court appointed Thornley as administrator ad litem on October 19, 2009, Thornley automatically replaced Webb as the proper defendant in this case.
We next address Mitchell’s argument that the trial court erred in concluding that her negligence claim is time-barred. A negligence claim is subject to a two-year limitations period. § 6-2-38(£), Ala.Code 1975; and Booker v. United American Ins. Co., 700 So.2d 1333, 1339 (Ala.1997). However, in this case, the limitations period for the negligence claim was tolled for an additional six months under § 6-2-14, Ala.Code 1975. Section 6-2-14 provides: “The time between the death of a person and the grant of letters testamentary or of administration, not exceeding six months, is not to be taken as any part of the time limited for the commencement of actions by or against his executors or administrators.” Our supreme court has interpreted this section to mean that the running of the limitations period is tolled for a period up to, but not exceeding, six months to allow the personal representative to sue or be sued in the decedent’s name. Nelson, 855 So.2d at 1047. See also Sanders v. Martin, 662 So.2d 241, 245 (AIa.1995); Jones v. Blanton, 644 So.2d 882, 887 (Ala.1994); and Edwards v. Vanzant, 492 So.2d 990, 992 (Ala.1986). Because there were no letters testamentary or administration granted after Webb’s death, the limitations period for the negligence claim was tolled for six months.
Mitchell’s cause of action accrued on September 27, 2005, when she allegedly suffered injuries in the automobile accident. See Nelson, 855 So.2d at 1047 (“A cause of action accrues when a party suffers an injury or loss or damage entitling him or her to maintain an action.”). Tolling the limitations period for six months under § 6-2-14, the limitations period for the negligence claim expired on March 27, 2008, two and one-half years after the accident of September 27, 2005. As noted, although Mitchell named Webb, a deceased person, as a defendant, the proper *560 defendant is actually Webb’s representative. Thus, Mitchell had until March 27, 2008, to file a negligence claim against Webb’s personal representative. See Nelson, 855 So.2d at 1047-48. Because there was no personal representative, Mitchell petitioned the court to appoint an administrator to serve in that capacity. However, Mitchell did not petition the trial court to appoint an administrator ad litem until April 13, 2009, well after the limitations period for negligence had expired on March 27, 2008. The trial court appointed Thornley as administrator ad litem on October 19, 2009, making Thornley a defendant on that date, well after the limitations period for the negligence claim had expired.
Mitchell argues, as she did before the trial court, that she may use fictitious-party practice to avoid the bar of the statute of limitations for her negligence claim. Rules 9(h) and 15(c)(4), Ala. R. Civ. P., “ ‘allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted.’ ” Ex parte Chemical Lime of Alabama, Inc., 916 So.2d 594, 597 (Ala.2005) (quoting Fulmer v. Clark Equip. Co., 654 So.2d 45, 46 (Ala.1995)). Rule 9(h) provides:
“When a party is ignorant of the name of an opposing party and so alleges in the party’s pleading, the opposing party may be designated by any name, and when that party’s true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.”
Rule 15(c)(4) states: “An amendment of a pleading relates back to the date of the original pleading when ... relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h).”
In her complaint, Mitchell, in addition to naming Webb as a defendant, designated a fictitiously named defendant described as “that person, firm, corporation, or other entity or successor in interest who or which jointly, separately, wantonly, and/or wrongfully caused or contributed [to Mitchell’s] injuries ... made the basis of this lawsuit.” Mitchell maintains that Thornley, as Webb’s administrator ad li-tem, is Webb’s “successor in interest” designated as a fictitiously named defendant in the complaint. Thus, Mitchell argues that, when Thornley was appointed administrator ad litem, Thornley was substituted for the fictitiously named defendant in the complaint. Therefore, Mitchell argues that the negligence claim against Thornley relates back to the original complaint and that the claim is not barred by the statute of limitations.
Fictitious-party practice does not apply to the situation in this case. Mitchell’s attempt to relate back Thornley’s appointment to the filing of the complaint actually concerns the separate relation-back practice of Rule 15(c)(3), Ala. R. Civ. P., not the fictitious-party practice of Rules 9(h) and 15(c)(4).
“Unlike some, if not indeed most, jurisdictions, Alabama has two alternative kinds of relation back of amendments as to parties. One is the ordinary, unpred-icated kind of relation back [provided for in Rule 15(c)(3) ] and familiar to the attorneys of perhaps every other jurisdiction. The other is, from the national point of view, a perhaps less familiar kind of relation back. Known as ‘fictitious party practice’ or ‘Doe practice,’ it is predicated upon the allegation of fictitious names in the pre-bar pleading[, ie., pleading filed before the statute of limitations has run,] which a party now wishes to amend. Rule 15(c) addresses both kinds of relation back, but the requirements for changing parties and the requirements for substituting fictitious *561 parties ... are quite different. Thus, an amendment which changes a party under Rule 15(c)(3) relates back only if the requirements of that provision are satisfied, while an amendment which substitutes a true name for a fictitious name under Rule 15(c)(4) relates back only when the requirements of Rule 9(h) are satisfied.”
Jerome A. Hoffman, Alabama Civil Procedure § 4.26 (3d ed.2008).
The Committee Comments on the 1973 Adoption of Rule 15, Ala. R. Civ. P, indicate that the provisions of Rule 15(c)(3) “permitn an amendment to relate back which substitutes the real party in interest for a named plaintiff.” (Emphasis added.) Such an amendment, which changes a named party, relates back only if the requirements of Rule 15(c)(3) are met. Conversely, an amendment merely substituting a real party for a fictitiously named party relates back if the provisions of Rule 9(h) are satisfied. Committee Comments on 1973 Adoption.
In her complaint, Mitchell named Webb, a deceased person, as a defendant in this case; however, the proper defendant was Webb’s representative, not Webb. Nelson, 855 So.2d at 1047. To correct that situation, Mitchell requested that the trial court appoint an administrator ad litem, and Thornley was appointed as administrator ad litem to replace Webb as the defendant in this case. Thornley was substituted for Webb, not for a fictitiously named defendant to be sued in addition to Webb. Thus, the relation-back practice of Rule 15(c)(3), not fictitious-party practice, controls this case.
This case is procedurally analogous to Sanders v. Martin, 662 So.2d 241 (Ala.1995). In Sanders, the plaintiff, Martin, was involved in an automobile accident with Elkins. 662 So.2d at 242. Martin sued Elkins, alleging claims of negligence and wantonness, and Martin sued Elkins’s father, alleging claims of negligent and wanton entrustment. However, similar to this ease, Elkins had died before the complaint was filed. Sanders was eventually appointed administrator of Elkins’s estate. 662 So.2d at 243. As to the claims filed against the deceased Elkins, Martin did not attempt to amend his complaint to name a proper defendant until after the expiration of the period allowed by the statute of limitations. The issue in Sanders was whether that amendment related back to the original filing of the complaint so as to avoid the bar of the statute of limitations. 662 So.2d at 242.
In Sanders, as in this case, a proper party needed to be substituted for a named defendant who was deceased when the complaint was filed. The supreme court examined whether such an amendment to the complaint, filed after the running of the limitations period, would relate back to the filing of the original complaint. Our supreme court stated:
“Rule 15(c)[, Ala. R. Civ. P.,] states:
‘“Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading except as may be otherwise provided in Rule 13(c). An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake *562 concerning the identity of the proper party, the action would have been brought against him.’
“Under the facts of this case, there can be no relation back, because the administrator of Elkins’s estate, ... Sanders, was not appointed until after the statutory limitations period had run and, therefore, could not have had knowledge of Martin’s complaint until after the limitations period had run.”
662 So.2d at 243 (emphasis added).
The text of Rule 15(c) was amended following Sanders; the above-emphasized portion of the rule upon which the court in Sanders relied is substantially similar to the current Rule 15(c)(3).[1] Similar to Sanders, Thornley — the proper defendant to take the place of Webb — was not appointed to represent Webb’s estate until after the limitations period had run. Thus, as in Sanders, there can be no relation back to the filing of the complaint. The trial court correctly concluded that Mitchell’s negligence claim is barred by the statute of limitations.
However, we come to a different conclusion regarding Mitchell’s wantonness claim. Recently, our supreme court clarified that a wantonness claim is subject to a two-year limitations period, overruling a previous supreme court case that had indicated that a six-year period applies. Ex parte Capstone Bldg. Corp., 96 So.3d 77 (Ala.2012). However, because the supreme court in Ex parte Capstone Building Corp. applied its decision prospectively, the six-year limitations period applies to Mitchell’s wantonness claim. Mitchell’s cause of action for her wantonness claim accrued on September 27, 2005, when she allegedly suffered injuries in the automobile accident. Nelson, 855 So.2d at 1047. On October 19, 2009, well within the six-year limitations period then applicable, the trial court appointed Thornley as the administrator ad litem. At that time, Thornley became a defendant in this case. Because the wantonness claim was commenced against Thornley, the proper defendant, within the six-year limitations period that must be applied to Mitchell’s claim under Ex parte Capstone Building Corp., the trial court erred in concluding that the wantonness claims is time-barred.
We affirm the summary judgment as to the negligence claim. We reverse the summary judgment as to the wantonness claim, and we remand the case.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Rule 15(c) currently provides, in pertinent part:
"(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
[[Image here]]
"(3) the amendment, other than one naming a party under the party’s true name after having been initially sued under a fictitious name, changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the applicable period of limitations or one hundred twenty (120) days of the commencement of the action, whichever comes later, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party...."